## JOB L. SPENCER *et al.*

### *v.*

## BENJAMIN B. WILEY *et al.*

*Filed at Ottawa October 26, 1893.*

1. PARTITION—*power of court to enter a money judgment on a mortgage indebtedness.* On bill for the partition of land, where the holder of a mortgage on one of the undivided interests is made a party, the court has no power to enter a judgment or decree against the mortgagor, and enforce its payment by execution, or otherwise; and a decree of the court finding the sum due on the mortgage will not merge the indebtedness, so as to arrest the running of the Statute of Limitations.

2. SAME—*finding as to incumbrance on undivided interest.* Under section 15 of the Partition act it is not made the duty of the court to ascertain the amount due on a debt of one of the tenants in common secured by mortgage. It may ascertain and declare that the mortgagee has a valid mortgage upon the interest of one of the tenants in common.

3. By that judgment, whether it declares the amount then due on the mortgage debt or not, the relation of debtor and creditor between the parties to the mortgage is not changed, but under the provisions of section 24 of the act the mortgagee's lien remains in full force upon the part assigned or left for the mortgagor. If found necessary to sell the land, the court may find the amount due, and order it to be paid out of the distributive share of the mortgagor in the proceeds of the sale. But this may be done even after the sale. If no sale is ordered, a finding of the sum due is of no effect whatever.

4. PARTIES—*bill for partition—mortgagee.* The mortgagee or holder of a note secured by mortgage given by one tenant in common is a necessary party to a bill for the partition of the land.

5. LIMITATIONS—*not arrested by decree in partition.* A tenant in common gave a mortgage, in 1875, on his undivided interest. In 1884 a bill was filed by one of the tenants in common, in which the interest of the mortgagor was set off to a party succeeding to his equity of redemption, subject to the lien of his mortgage, which was properly described, but the decree also found the sum due on the mortgage, without any order for its collection. In 1890 the holder of the mortgage debt filed his bill to foreclose: *Held,* that the Statute of Limitations (sec. 11) was a bar to the suit, and that the case was not taken out of the statute by the decree in partition.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

Mr. F. P. READ, for the appellants.

Mr. JOSEPH WRIGHT, for the appellees.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Benjamin B. Wiley, being tenant in common, with others, of certain real estate in Cook county, on the 19th of April, 1873, executed a trust deed, in the nature of a mortgage, to his undivided interest, to secure the payment of his promissory note of that date for $11,090, due June 27,1875. Subsequently his interest, subject to the trust deed, passed to Sarah Wiley. On the 7th of July, 1884, in a proceeding to partition the lands, to which the holder of the above mentioned note and mortgage, the mortgagor, and Sarah Wiley, were parties, the share of Sarah Wiley was set off to her, the decree containing the following finding: "And the court further finds that ＊ ＊ ＊ said last described tract belonging to Sarah Wiley ＊ ＊ ＊ is subject to the following liens and incumbrances: First, a trust deed from said Benjamin B. Wiley to Daniel L. Shorey, trustee, dated April 19, 1873, to secure the sum of $11,090, represented by one note of said Wiley, payable to the order of Gideon L. Spencer, maturing on or before the 27th day of June, 1875, with interest thereon at the rate of six per cent per annum after maturity, which said note is now the property of said Gideon L. Spencer, and on which there is due the sum of $17,097.08,—which said last named trust deed and debt is a first lien upon said premises last described, subject to the following tax liens thereon."

On April 30, 1890, appellant's testate having become the legal holder of the mortgage deed and indebtedness secured by it, filed this bill, setting up the foregoing facts, and praying that an account might be taken of the amount due on the

$17,097,08 so decreed to be a first lien upon said premises, as the principal and interest on said note, etc., and for a decree of foreclosure against the lands so set off to Sarah Wiley. Appellees, who were made defendants to the bill, answered, admitting, substantially, the allegations of the bill, but pleading the Statute of Limitations in bar. On the hearing the plea was sustained, and the bill dismissed at complainants' cost. The Appellate Court having affirmed that decree, complainants prosecute this appeal.

It is admitted by all parties that the only question in the case is whether or not the action was barred by the Statute of Limitations at the date of filing the bill, and it is conceded by appellants that this question must be answered in the affirm_ative unless the case is taken out of the provisions of section 11, chapter 83, of the Revised Statutes, (2 Starr & Curtis, 1550,) by decree in partition.

The theory of the bill is, that the indebtedness described in the mortgage became merged in that decree, and thereafter the mortgage stood as security, not for the $11,090 note, but the $17,097.08 mentioned in the decree, and counsel for appellants endeavors, by his argument, to bring the case within the rule that when a mortgage indebtedness is reduced to judgment, thereafter the mortgage becomes security for the payment of that judgment. There are two conclusive answers to that argument: First, the court had no power to enter judgment or decree for the mortgage indebtedness in the partition proceeding; and second, it did not attempt to do so. It is true, the holder of the mortgage was a necessary party to the bill for partition, under section 6, chapter 106, of the Revised Statutes, (2 Starr & Curtis, 1726,) and section 15 authorized the court to ascertain and declare the rights, titles and interests of all parties to the suit, and give judgment accordingly; but the statement that section 24 "provides that a person having a mortgage on the share of a part owner shall be concluded by the judgment in partition," does not

fairly state the true scope of that section. Its language is : "A person having a mortgage, attachment or other lien on the share of a part owner shall be concluded by the judgment in partition so far as it respects the partition and the assignment of the shares, but his lien shall remain in full force upon the part assigned to or left for such part owner."

It seems too clear for argument that section 15 does not give the court power to enter a money judgment or decree in favor of one party to the suit against another,—that is to say, the court could not, under that section, enter a judgment or decree against the maker of the note described in the mortgage, and enforce its payment by execution or otherwise. The action is for no such purpose. The proceeding is for the purpose of severing the interests in common, and the power of the court to ascertain and declare the right, title and interest of the mortgagee is in no sense a power to enforce the collection of his debt. The debt may not be, and often is not, due for years after the partition. The jurisdiction over the parties to the mortgage is for the purpose, only, of enabling it to make partition of the mortgaged property fairly and equitably between the owners. Under that section it is not made the duty of the court to ascertain the amount due on a debt secured by mortgage. It may ascertain and declare that the mortgagee has a valid mortgage upon the interest of one of the tenants in common, and give judgment accordingly. By that judgment, whether it declares the amount then due on the debt or not, the relation of debtor and creditor, between the parties to the mortgage, is not changed, but, under the provisions of section 24, the mortgagee's lien remains in full force upon the part assigned or left for the mortgagor. If, upon the coming in of the report of the commissioners, it is found necessary to sell the land, the court may ascertain the amount due on the mortgage debt, and order it paid out of the distributive share of the mortgagor in the proceeds of the sale. But that may be done even after the sale. No sale being

ordered in the proceeding in question, finding the amount due was wholly unnecessary and of no effect whatever.

Again, no attempt was made in that proceeding to render a judgment or enter a decree for the mortgage debt. The order upon which this bill is based does no more than declare that the interest set off to Sarah Wiley is subject to an incumbrance, and then describes that incumbrance. It was not intended to affect the indebtedness as to its maturity or duration. It has no more effect on a right of action to recover that indebtedness than if it had been made before the $11,090 note became due. In that case no one would claim that the mortgage could be foreclosed immediately upon rendering the decree, and with no greater reason can it be said that the right was thereby extended beyond the period of limitation. Section 39 of the Partition act, and the decisions of this court cited by counsel, are not in conflict with the views here expressed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*