WILLIAM WEDGBURY, Collector, *et al.*

*v.*

ABRAHAM CASSELL.

*Filed at Ottawa January 19, 1897.*

TAXES—*a master's certificate of purchase is taxable property.* A certificate of purchase of real estate issued by a master upon a sale made under a decree of foreclosure is taxable property within the meaning of section 1, article 9, of the constitution, and its value is presumed to be the amount of the purchaser's bid therefor.

APPEAL from the Circuit Court of Iroquois county; the Hon. THOMAS F. TIPTON, Judge, presiding.

W. F. PIERSON, State's Attorney, for appellants:

All property within this State, unless specifically exempt, is taxable.   *Davis* v. *Chicago,* 124 Ill. 637.

Whenever a credit is given, a new property is created in the hands of the creditor which before did not exist, and when the debt is paid that property is annihilated. *People* v. *Worthington,* 21 Ill. 171.

A master's certificate of sale on premises sold at master's sale is simply a lien on the premises sold.   *Stephens* v. *Insurance Co.* 43 Ill. 327.

KAY & KAY, for appellee:

In *People* v. *Arguello,* 37 Cal. 524, it is held that a sum payable on a contingency does not become a debt until the contingency has happened.

In *Inhabitants of Becksport* v. *Woodman,* 68 Me. 33, it is held that an award of Alabama claim was not taxable until an appropriation by Congress is made to pay it.

In *Arnold* v. *Middleton,* 41 Conn. 206, and *Lowell* v. *Boston,* 106 Mass. 540, it is held that land owners cannot be assessed for damages on account of laying out a road until such damages are fixed and receivable.

In *Smith* v. *Byers,* 43 Ga. 191, it is held that on bill to compel a trustee to account and a decree that the trustee shall pay a fund over to a new trustee for the benefit of complainant, the decree is not taxable to complainant.

As to annuities, it has been frequently held that they can only be taxed for an amount due and unpaid.   It is not taxable while it is accruing due.   It must be past due.   *State* v. *Cornell,* 31 N. J. L. 374; *Richey* v. *Shurts,* 41 id. 279; *Richey* v. *Shute,* 43 id. 414.

Easements and other incorporeal inchoate rights have been held not taxable as personal property.   *DeWitt* v.

*Hays,* 2 Cal. 263; *Fall River* v. *Bristol County,* 125 Mass. 567; *Matter of LeFevere,* 5 Denio, 184.

Cooley on Taxation, at page 353, says, that until the time for redemption expires the purchaser has an inchoate right, which he might perhaps protect as a purchaser on execution might, but has no title.

In *Scully* v. *People,* 104 Ill. 349, it is said that rent in arrears is assessable, but if not due is not assessable.

The certificate held by Cassell could not be seized and sold by the collector. *Craw* v. *Village of Tolono,* 96 Ill. 255.

If a tax is assessed upon property not subject to taxation the remedy by injunction is the proper remedy, and this is the case we are contending for. *Vieley* v. *Thompson,* 44 Ill. 9; *Union Trust Co.* v. *Weber,* 96 id. 346; *People* v. *Lots in Ashley,* 122 id. 302.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On May 1, 1895, appellee was the owner of a certificate of purchase of premises bought by him at a master's sale, made under a decree of foreclosure, subject to the usual right of redemption. The assessor listed the certificate for taxation and a tax was extended against appellee, which he filed his bill in this case to enjoin, on the ground that under the laws of this State that species of property is not subject to assessment and taxation. The bill was answered, and on the admitted facts the circuit court entered a decree perpetually enjoining the collection of the tax.

The only question in the case is, whether or not a certificate of purchase entitling the holder to the amount of his bid and interest if the premises shall be redeemed within a specified time, or, if not so redeemed, to a deed of such premises, is subject to taxation. The constitution (art. 9, sec. 1,) provides: "The General Assembly shall provide such revenue as may be needful by levying a tax, by valuation, so that every person and corporation

shall pay a tax in proportion to the value of his, her or its property." And the Revenue act provides for the assessment of all real and personal property. That the certificate was property cannot be denied. Complainant received it at a public sale where he was the highest bidder, and he paid $14,975 in cash for it. Its value was shown at the public sale held by a judicial officer, and it would be presumed to be worth the amount bid,—and it was worth what it cost, for complainant in his bill alleged that redemption was made May 13, 1895, and he received, by virtue of the certificate, $16,292.59.

It is argued that the certificate was not assessable because of the uncertainty whether complainant would receive the redemption money called for or would take a deed of the land. It is conceded that if a purchaser were absolutely entitled to the redemption money at the end of fifteen months the certificate would be assessable, but it is insisted that on account of the uncertainty whether the holder will receive money or land the certificate is rendered intangible and of uncertain value. The relation of complainant to the title as purchaser at the sale was of statutory creation. The legal title to the land did not pass to him at the sale, (*Myers* v. *Manny*, 63 Ill. 211,) and the payment of taxes upon the land did not cover his property interest. He acquired a right to a conveyance of the title if the premises should not be redeemed. There is no more uncertainty in such a case than in any instance of a pledge where it is uncertain whether the property will be redeemed. Any loan upon a pledge or security may be without an absolute promise to pay the debt. By the Revenue act (sec. 21) it is provided: "Where a deed for real estate is held for the payment of a sum of money, such sum so secured shall be held to be personal property, and shall be listed and assessed as credits." In such a case there is equal uncertainty whether the investor will receive the sum of money or hold the land. The certificate was evidence of complain-

ant's right to money or a deed, and he would either get his money, with interest, or the land.

The mortgages foreclosed by the decree under which complainant purchased were subject to taxation. By that decree the original liens were changed in form and the mortgages extinguished, but their essential nature was not destroyed. A new relation and new property were created, but there was a continuation of the same debt with a new creditor, and in the form of a new lien of a higher degree and more valuable than the mortgages. In the case of a mortgage it is necessary to go into court and obtain a decree of foreclosure, while in case of a certificate there is no such requirement, and it is not subject to delay or contest. The estates in the land remain the same in such case, with the qualification that the amount and time of redemption are absolutely fixed by the decree and sale. (*Stephens* v. *Illinois Mutual Ins. Co.* 43 Ill. 327.) There is nothing intangible about that sort of property.

It is also urged as an objection to assessing such property, that if the land is situated in some other county the assessor would have no means of ascertaining the value of the certificate. As already said, such a certificate is presumably worth the amount bid; but if that were not so, the argument would be of no avail. It could be as well applied to mortgages or any other sort of security, and it will scarcely be contended that mortgages cannot be assessed because such securities may be upon land situated in some other county.

We see no reason why complainant should not bear his just proportion of the burden of taxation according to the value of his property.

The decreee will be reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded.*