## Jennie E. Morse and Frank Morse v. Rochester Loan and Banking Co.

1. MORTGAGES—*Force and Effect after Foreclosure and Sale—Deficiency.*—Where there is a deficiency arising from a sale of premises under a decree of foreclosure, and such deficiency is paid by the mortgagor, the mortgage upon which the decree is based ceases to have any further force and effect other than to support the outstanding certificate of purchase.

2. FORECLOSURE—*Force and Effect of the Certificate of Purchase.*— The effect of a certificate of purchase under a decree of sale in foreclosure proceedings, is to extinguish the mortgage and create a new form of lien of a higher degree.

3. EQUITY—*Will Not Relieve a Party from the Results of His Own Inattention.*—Courts of equity will not, in subsequent and separate suits, interpose to relieve parties to a judicial proceeding from the results of their own inattention to such proceeding while pending, and proper opportunity is afforded at such time to have their rights judicially ascertained and declared.

**Bill to Enforce a Lien.**—Appeal from the Circuit Court of Du Page County; the Hon. CLARK W. UPTON, Judge, presiding. Heard in this court at the December term, 1897. Reversed. Opinion filed February 28, 1898.

BOTSFORD, WAYNE & BOTSFORD, attorneys for appellants.

A party can not obtain relief because of a mistake of law. This principle is so firmly engrafted into the law. of this State by the repeated decisions of our courts, that comment thereon is unnecessary. Goltra et al. v. Sanasack et al., 53 Ill. 456; Emery v. Mohler, 69 Ill. 221; Paullissen v. Loock, 38 Ill. App. 510; Oswald v. Sproehnle, 16 Ill. App. 368.

In all judicial sales the purchase is made at the risk of the purchaser, and at every stage of the subsequent proceedings to obtain title on a sale of real estate, the purchaser must look after his interests. Holmes v. Shaver, 78 Ill. 578.

JAMES H. MACOMBER and D. F. HIGGINS, attorneys for appellee, contended that the release of a mortgage does not release the debt. · So the debt is still outstanding and the lien exists therefor by the terms of the decree. Citing Edgington v. Hefner, 81 Ill. 341; Jones on Mortgages, Sec. 984; Weyant v. Murphy, 78 Cal. 278; Denson v. Markoe, 37 Minn. 30.

Even if a person advancing money to buy a mortgage under an agreement with the owner of the equity of redemption that it should be assigned to him as security for the money advanced, takes a discharge of the mortgage, he is entitled to be subrogated to the rights of the mortgagee and have the discharge vacated. Jones on Mortgages, Sec. 877; Johnson v. San Francisco Savings Union, 75 Cal. 134; Fears v. Albea, 69 Texas, 437.

No change in the form of the indebtedness or mode of

payments, or time, will discharge the mortgage. A mortgage secures a debt and not the note, bond or other evidence of it. No change in the evidence, or mode or time of payment, nothing short of actual payment of a debt or an express release, will operate as a discharge of the mortgage. Jones on Mortgages, Vol. 2, Sec. 92; Flower et al. v. Elwood et al., 66 Ill. 438; Hamilton v. Quimby et al., 46 Ill. 90; Wayman v. Cochrane, 35 Ill. 152; Elliott et al. v. Blair et al., 47 Ill. 342.

A renewal of the note, its reduction to judgment, or other change not intended to operate as a discharge of the lien, still leaves it as between the parties in full vigor. This is a rule of equity that is sanctioned by many adjudged cases. Mere form is disregarded and the substance only is considered. That the lien of the debt will continue till satisfied, see Priest v. Wheelock, 58 Ill. 114; Darst v. Bates et al., 51 Ill. 439; Rockwell et al. v. Servant et al., 63 Ill. 424; Hewitt v. Templeton et al., 48 Ill. 367.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

On the 29th day of July, 1892, the appellant, Jennie E. Morse, being the owner in fee of an undivided one-fifth of 440 acres of land in Will county, and 263 acres in Du Page county, with her husband, executed to appellee a mortgage upon her interest in all the lands in both counties to secure a note for $4,000, with interest. On September 27, 1893, appellee filed its bill in the Circuit Court of Will County to foreclose the mortgage against the lands in Will county, and on the same day filed its separate bill for a like purpose in the Circuit Court of Du Page County against the lands in that county only. On March 10, 1894, a decree of foreclosure for $4,401.16 and $150 solicitor's fee was rendered in the Circuit Court of Will County against the lands of that county only, no further proceedings having been taken in the suit in Du Page county, or against the lands therein, but the same was dismissed by stipulation of the parties September 3, 1894.

The interest of the appellant in the land in Will county,

under the decree mentioned, was sold at master's sale, May 14, 1894, and the appellee having bid $3,080 therefor the same was struck off to it, and a certificate of purchase issued to it as required by law, which was accepted and held by appellee. On March 1, 1894, proceedings in partition were instituted in the Circuit Court of Du Page County by Jennie E. Collins Freeman to divide the lands in both counties, described in appellee's mortgage, among the parties who jointly owned the same, as their respective interests might be adjudged by the court, to which proceedings appellants, husband and wife, the appellee and others were made defendants. On April 4, 1894, an interlocutory decree appointing commissioners was rendered in the proceedings last mentioned, who filed their report June 19, 1894, by which they set off in severalty the parts of the lands situated in both counties to the respective owners. This report was approved and confirmed by the court by its final decree, September 22, 1894. On August 16, 1894, appellants paid appellee $1,694.42 upon the decree of foreclosure, being the balance due thereon after the sale previously mentioned, for which a receipt was given them by the solicitor of the appellee. A release of the mortgage from the lands in Du Page county was acknowledged by appellee August 30, 1894, and delivered to appellants. There was set off to appellant Jennie E. Morse, by the proceedings in partition, 24.59 acres in Will county, and 120 acres in Du Page, as her share of all the lands in both counties which were included in the mortgage. The final decree in the partition suit finds that the lien of the mortgage given by Jennie E. Morse and Frank Morse, her husband, as husband and wife, to appellee, is a good and valid first lien on the shares and portions of the premises described in the interlocutory decree, which are set off to Jennie E. Morse, and all other portions of such real estate are declared to be free from the lien and incumbrance of said mortgage. The court in the same decree also finds the decree of foreclosure sale and certificate of purchase in Will county, as above stated, and concludes : "It is there-

fore ordered, adjudged and decreed by the court that the certificate so issued as aforesaid shall be and remain a lien upon the shares and portion of said premises described in decree heretofore entered in this cause, which have been and are set off by the report of said commissioners and this decree to said Jennie E. Morse; and that all other portions of said real estate described in said decree are hereby declared and decreed to be forever free from the lien and incumbrance of said certificate."

No other order affecting the certificate of purchase appears in the decree, and it seems to be left by the court in full force as such, nothing appearing to prevent a deed of the premises therein described to the legal holder thereof, if presented to the proper officer at the expiration of the redemption period.

The present suit, as counsel for appellee state in their brief, " was a bill filed by appellee to enforce a lien of a decree," referring to the decree we have last above recited. On the hearing the Circuit Court found for the appellee and gave its decree against appellants for $3,522.75, declared the same a lien against the lands set off to Jennie E. Morse in both counties, ordered payment of the same with interest and costs, and in default thereof that said lands be sold and the proceeds of such sale applied to such payment; from which decree appellants prosecute this appeal and thereby seek a reversal of the decree of the trial court.

It is claimed by counsel for appellee in their briefs and arguments, in support of the decree of the Circuit Court, that (1) the decree of partition made the amount due appellee a lien upon the land in both counties; (2) the release for $1,694.42 did not in terms nor upon its face release the lien of the decree, but only the mortgage; (3) the release of a mortgage does not release the debt, and (4) if the effect of releasing the mortgage was to release the lien of the decree, then it was a mistake for which a court of equity will grant relief. It is also claimed there was an agreement between the solicitors by which appellants were to pay the amount of the certificate of purchase. Also at the fore-

closure sale in Will county, it is insisted appellee purchased eighty-eight acres of land, and not 24.59 acres as awarded by the court in the partition suit, whereby injustice was done to appellee.

Upon these several points the questions for decision arise in this court.

In all the proceedings, foreclosure and partition, the appellant here, Jennie E. Morse, was an adverse party. None of the suits were instituted by her, and unless the court, in the decree for partition, has made some order, or appellant by herself, or other person authorized by her, has made some agreement by which the ordinary legal effect of the foreclosure suit, decree, sale and certificate of purchase in the Will Circuit Court have been changed, it will be difficult on any principle of law or equity known to us to sustain the decree now before us.

Appellee, of its own motion in the first instance, brought two foreclosure suits in different counties, when, as we apprehend, one suit embracing the lands in both counties would have sufficed, been less expensive to the parties, and wholly simplified the procedure. Appellee voluntarily chose to proceed against the land in Will county to decree and sale, without instigation from appellant, and in like manner caused her interest in such land to be alone exposed for sale, bid for it $3,080 and received therefor the certificate of purchase provided by the statute. By this sale, produced solely by the voluntary acts of the appellee, the appellant in legal effect became entitled to a credit of $3,080 upon the decree rendered by the court, and thereafter it was her right to pay, and it being her right to pay, it was the duty of appellee to receive the balance of $1,694.42 due upon the decree, and thereby satisfy and extinguish it; and this she afterward did, leaving the certificate of purchase in full force and according to its legal effect. When the balance of $1,694.42 was paid, the decree and the mortgage upon which it was based ceased to have further force or effect, other than to support the outstanding certificate of purchase, and it has been held all the right it has conferred upon the

holder is to receive the amount of money represented by it, with interest in case of redemption, or a deed to the land therein described after the expiration of the redemption period. Lloyd v. Karnes, 45 Ill. 70; Wedgbury, Collector, et al. v. Cassell, 164 Ill. 622. In the latter case the court, speaking of the nature of a certificate of purchase, say that by it the mortgage is extinguished, and the form of a new lien of a higher degree is created. In the case of a mortgage it is necessary to go into court and obtain a decree of foreclosure, while in case of a certificate there is no such requirement, and it is not subject to delay or contest.

Under these conditions, into which appellant had been forced without volition of her own, and at some expense to her, she had gained a position in which the law exempted her from further litigation, a position not without its advantages; and who shall say it was not a valuable right, of which she ought not to be deprived without legal cause or her own consent?

The court, in the partition suit, unless by consent, had no authority to give the certificate any different effect than that attributed to it by law, and therefore no presumption should be indulged in favor of the decree, giving such different effect to the certificate. If, however, it is manifest the court intended and did give, by its decree, the certificate the scope contended for it, the decree, however erroneous it is, may be valid and binding until reversed, although, as will hereafter be shown, this may well be questioned. It is a strong circumstance against the theory of appellee that the court by its decree permitted the certificate to remain with no restraint upon its qualities as such. Had the court then intended the certificate to be thereafter treated as a mortgage upon all the lands, as now insisted by appellee, it is but reasonable to suppose the order would have prevented its assignment or use as a certificate of purchase. No such intention appears. In view, also, of the purposes for which appellee was before the court at the time the report of the commissioners was approved, we do not think the court intended, nor did it by its decree extend the lien or claim of

the certificate beyond its own terms. The purpose of the decree, so far as it affected appellee, was to bind it to the division of the lands and thereafter confine its claim, whatever nature it might be, to the share allotted to appellant, but in no way to enlarge or enforce it against appellant. Had the lands been unsusceptible of division and a sale ordered, a different result might have been produced, but such was not the case.

The case of Spencer et al. v. Wiley et al., 149 Ill. 56, was where, in a partition suit, the court had found a trust deed to be a lien upon the share allotted to one of the parties, and had further found the amount due thereon to be $17,097.08. Afterward a bill setting up the facts and praying that an account might be taken of the amount due on the $17,097.08, so decreed to be a first lien on the premises that had been set off. To this bill the statute of limitations was pleaded back to the trust deed upon which the decree was grounded, and it was contended against the plea that the finding in the partition suit merged the indebtedness in the decree and thereby defeated the statute, the plea being confessedly good against the original mortgage. The Supreme Court there said that under the partition act the court could not enter judgment or decree against the maker of the note described in the mortgage and enforce its payment by execution or otherwise. The action is for no such purpose. The jurisdiction over the parties to the mortgage is for the purpose only of enabling the court to make partition of the mortgaged property fairly and equitably between the owners, and the court held that the finding of the amount due was wholly unnecessary and of no effect whatever.

So, if the principle of the case cited is applied to the case here presented, the jurisdiction of the court, at the time the decree relied upon was rendered, was for no such purpose as extending the certificate to the Du Page county land, and if it was done, as contended, it was wholly unnecessary and of no effect whatever.

Neither can we concede, as insisted, that appellee, at the foreclosure sale in Will county, purchased eighty-eight

acres, or any number of acres of land. The rule of *caveat emptor* applied. It purchased the interest of appellant, subject to be set off to her by judicial proceedings, with the right to be made a party to the suit, where it could see its interests were properly protected by the court, and if injustice has been done to it by such division, it must now be attributed to its own inattention, as we do not doubt the court in that case would have sustained an exception to the report of the commissioners, had it been asked to do so and the facts made to appear. It has not, to our knowledge, ever been held that courts of equity, in a subsequent and separate suit, will interpose to relieve parties to a judicial proceeding from the results of their own inattention to such proceedings while pending, and proper opportunity is at such time afforded to have their rights judicially ascertained and declared; for sometimes it is as important that an end be put to litigation as that absolute justice be done in every case. Exchange National Bank of Polo v. Darrow, page 170, this volume. And so it follows no such mistake has occurred that requires the power of equity jurisdiction to correct.

The evidence falls far short of establishing an agreement between the solicitors of the parties by which appellant was to pay to appellee the amount of the certificate, and there is a total absence of proof that appellant authorized such agreement, and it would be hard to maintain that by virtue of his office merely, an attorney at law possesses such authority to bind his client.

The receipt for the balance due upon the decree, and the release of the mortgage executed by appellee, in the absence of a special agreement of the parties, are not material to the real issue in the case. They were evidence only of that which the parties had done, and, as has been seen, the legal effect of the acts of the parties was accomplished the instant the balance due upon the decree was paid, which satisfied it, and extinguished the mortgage.

It follows from what has been said the decree of the Circuit Court is erroneous, and it will be reversed.