THOMAS D. MASTERS, Appellee, *vs.* EMMA J. MASTERS *et al.*—(EDGAR LEE MASTERS, Appellant.)

*Opinion filed April 20, 1927.*

1. PARTITION—*when contract does not bar right of partition by conversion of complainants' interests.* An equitable conversion is implied only when the intent is unequivocal and the contract is such that a court of equity can specifically enforce it against an unwilling purchaser, and where all but one of several co-tenants contract with a third person to buy property at a certain figure when sold in their proposed partition suit, allowing the proposed purchaser the difference should the property bring more than the contract price, the co-tenants' interests are not converted into personalty by such contract and they do not lose their rights, as tenants in common, to partition the property.

2. SAME—*decree may reserve adjustment of equities until after report of sale.* Where property is so situated that it may be readily contemplated that actual partition will be impossible and some of the co-tenants have contracted with a certain party to buy the property at a stipulated sum when sold in their proposed partition suit, the decree in said suit, properly fixing and determining the rights of the parties, including the interests of a co-tenant who did not join in the contract, may reserve for future determination, after the report of partition or report of sale, the adjustment of the equities of the parties under the terms of the contract.

APPEAL from the Circuit Court of Sangamon county; the Hon. NORMAN L. JONES, Judge, presiding.

BURNETT M. CHIPERFIELD, CLAUDE E. CHIPERFIELD, and ROBERT B. CHIPERFIELD, for appellant.

WALTER T. DAY, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Sangamon county in a partition suit. The land sought to be partitioned is the residence property in Springfield, Illinois, of Hardin W. Masters, who died intestate November 14, 1925, leaving surviving him Emma J. Masters, his widow, Thomas D. Masters and Edgar Lee Masters, his sons, and Madelon M. Stone, his daughter, his only heirs-at-law. At the time of his death Hardin W. was the owner in fee of an undivided one-half interest in the premises and his widow was the owner of the other undivided one-half. The original bill was filed by Thomas D. against Emma J., the widow, Edgar Lee, Madelon M. and Stanley S. Thayer, to the September term, 1926, of the Sangamon county circuit court. Two amended bills were filed. Pending the suit the widow died on October 7, 1926. Before her death she filed an election to take one-third of the estate of Hardin W. in the premises in lieu of dower. After the widow's death a supplemental bill was filed, from the allegations of which it appears that on the 30th day of April, 1926, the widow, Thomas D. and Madelon M. executed and delivered to Thayer an agreement in writing by which they agreed to cause to be conveyed to Thayer the title to the premises by instituting a partition suit in the circuit court of Sangamon county. The conveyance was to be made under authority of a decree of the circuit court. Thayer was to pay $10,000 for the premises. On the date of the execution of the contract he paid Thomas D. $1000 for the use and benefit of the parties interested in the real estate. On July 5 he paid the widow $3000, which sum is now held by her administrator subject to the rights and interests of

the parties. He also gave his note payable to the widow for $6000, the remainder of the purchase price, which note was due November 15, 1926, and is in the possession of the administrator of the widow's estate. Upon the execution of the contract with Thayer the possession of the property was given to him and he is now in possession. The widow left surviving her Thomas D., Edgar Lee and Madelon M., her children and only heirs-at-law. The supplemental bill set up the fact of the death of the widow since the suit was begun; that at the time of the death of Hardin W., her husband, she was the owner of an undivided one-half interest in the premises and her husband owned the other undivided one-half. The premises were of the value of $10,000. The bill alleged that after the death of her husband, the widow on May 16, 1926, waived her dower in the real estate of which her husband died seized and elected to take in lieu thereof one-third of the land he died seized of, which instrument was duly filed. The contract made by Thomas D., Emma J. and Madelon M. was executed on April 30, 1926, and the supplemental bill alleged $4000 had been paid,—$1000 to Thomas D. and $3000 to the widow,—and that both sums were held in trust for the parties interested in the real estate. The supplemental bill alleged that at the time of her death the widow was seized in fee of an undivided one-half of the real estate and one-third of the undivided one-half of the premises of which Hardin W. died seized; that at the death of the widow her three children, Thomas D., Edgar Lee and Madelon M., each became seized, as tenants in common, of an undivided one-third interest in the premises, subject to whatever rights and interests Thayer might be found to have under the contract; that both Hardin W. and his widow left sufficient personal estate to pay all indebtedness; that Harry P. Jones was appointed and qualified as administrator of the estate of Emma J. and held the sum of $3000 paid by Thayer upon the contract and the promis-

sory note of Thayer for $6000 given under the terms of the contract. Edgar Lee, Jones, the administrator of the estate of Emma J., and Thayer, were made defendants to the bill. The bill prayed that a decree be entered appointing commissioners to partition the premises, and in the event the same could not be partitioned without prejudice to the rights of the parties, that the premises be sold and the proceeds divided among the respective parties in interest according to their rights and interests therein; that the rights and interests of Thayer be determined by the court, and if the premises could not be partitioned without prejudice to the rights of the parties and a sale be made, that Thayer, in the event the property was sold to him, be given a master's deed to the premises, or, in the event any other person or persons should bid in excess of the sum of $10,000 and the property be sold accordingly, that Thayer be entitled to the excess bid over and above the sum of $10,000, subject, however, to the rights of Edgar Lee in and to the excess, if any, of the purchase price of the real estate over and above the sum of $10,000. The general prayer for relief was, that complainant be granted such other, further and different or general relief in the premises as the nature of the case and the character of the interest, rights and liabilities of the parties in interest may require. Edgar Lee answered admitting the allegations of the bill concerning the title of Hardin W., his widow and their children, but denying the execution of the contract of April 30, 1926, and the payments alleged to have been made by Thayer. Defendants not answering were defaulted, and the cause was referred to the master in chancery, with instructions to take proof and report the evidence with his conclusions thereon.

The material facts necessary to a decision of this case reported by the master are, that Thomas D., Madelon M. and Edgar Lee were the only children and heirs of their father and mother; that upon the death of both parents

the three children succeeded each to a one-third interest in
the title to the premises; that on May 16, 1926, the widow
elected to take in lieu of dower one-third interest in the
premises belonging to her husband; that on April 30, 1926,
the widow, Thomas D. and Madelon M. made a contract
with Thayer respecting the sale of the land; that upon the
execution of the contract Thayer paid to Thomas D. the
sum of $1000, which is held by him for the use and bene-
fit of the parties entitled thereto; that on July 26, 1926,
Thayer paid the widow $3000 upon the purchase price of
the land, which is now in possession of the administrator
of her estate; that the possession of the premises was sur-
rendered to Thayer upon the execution of the contract and
he now resides upon the same; that at the time of the death
of the widow, seized of an undivided one-half of the real
estate and also an undivided one-third of the portion Har-
din W. died seized of, her interest was subject to the rights
of Thayer by virtue of said contract. The master found
Thomas D., Edgar Lee and Madelon M. are each the owner
of an undivided one-third of the premises; that its fair
rental value was $75 per month; that the interest of Edgar
Lee is not subject to the rights of Thayer under the con-
tract except the portion inherited by him from his mother,
Emma J., and he is entitled to contribution from the estate
of Emma J. and from Thomas D. and Madelon M. for the
fair rental value of the premises from the first of May,
1926, to the extent of his interest in the premises inherited
from Hardin W. Objections to the report were overruled
by the master and stood as exceptions in the circuit court,
where they were overruled and the report of the master
approved.

The court found that by the contract with Thayer the
widow, Thomas D. and Madelon M. agreed to institute
proceedings in partition and take all necessary legal steps
to cause the legal and equitable title to be conveyed to
Thayer, and upon a failure to do so to refund and pay to

Thayer the payments made by him as part of the purchase price. The decree found that Thayer had paid $4000— $1000 to Thomas D. and $3000 to Emma J., which is in the hands of the administrator of the estate of Emma J.; that Thayer went into possession of the premises upon the execution of the contract, and the widow surrendered her homestead and vacated the premises. The decree finds the interests of Thomas D. and Madelon M., and the estate of Emma J. prior to her decease, are subject to the interest of Thayer under the contract; that the interest of Edgar Lee was not subject to the rights of Thayer, except that portion or interest he acquired by virtue of the death of Emma J.; that he is entitled to contribution from the estate of Emma J. and from Thomas D. and Madelon M. for the fair rental value of the premises from May 1, 1926, to the extent of his interest descending to him from Hardin W. The court decreed "that all further matters relating to the adjustment of the equities of the parties herein, including the determination of the amount of contribution to which the said Edgar Lee Masters is entitled to receive from the said estate of Emma J. Masters, deceased, and from the defendant Madelon Masters Stone and the complainant, Thomas D. Masters, for the fair cash rental value of the interest of said Edgar Lee Masters in and to the premises aforesaid and to which he gained title from the said Hardin W. Masters, deceased, and all adjustments of the equities of the parties hereto under and by virtue of the terms of said contract wherein the said defendant, Stanley S. Thayer, has interests, are expressly reserved for the future consideration and determination of this court." Edgar Lee Masters has appealed from the decree.

Numerous errors are assigned and objections made to the decree, but appellant in his reply brief has reduced the ultimate questions to be decided. He states there are three questions involved, any one of which is decisive of the case, viz.: (1) Under the contract the vendors having

covenanted to convey the entire title cannot maintain this proceeding for partition; (2) that appellant is an entire stranger to the contract; (3) that if the interest of appellant in the real estate in question is in any manner subject to the rights of Thayer under his contract, the doctrine of equitable conversion on the death of Emma J. Masters applies.

Appellant contends the effect of the contract made by Emma J., Thomas D. and Madelon M. with Thayer on April 30, 1926, was to make Thayer the equitable owner of the premises; that the vendors became trustees for him and as to the purchase money he became trustee for them, and that the vendors had a lien on the land for the purchase money; that in equity the vendors are regarded owners of the money and stand seized of the land for the benefit of the purchaser and have a lien on the land as security for the money. For those reasons, it is contended, on the death of Emma J. her title and interest in the premises did not descend to her heirs but that her interest was personal property, is held by her administrator, and the land is not subject to partition at the suit of the heirs. Whether there was a conversion of the land into personalty depends upon the contract. The purpose, meaning and intent of the contract are not that the vendors will make a conveyance to Thayer, but the agreement was that they would institute a partition suit in the circuit court, secure a sale of the premises by virtue of a decree of the court, the approval of the sale and conveyance of the title to the vendee. The contract was not signed by appellant, but was signed by his mother, brother and sister. Thayer agreed to pay $10,000 for the premises, and the vendors agreed to secure a sale and conveyance under a decree of court. The contract contains the proviso agreed to by the parties, by which, if the vendors could not through partition proceedings cause the title to be conveyed to Thayer, he was to be protected. The agreement did not vest the legal or equitable title in

Thayer and did not work a conversion. An equitable conversion is implied only when the intent is unequivocal and the implication leaves no substantial doubt. "Ordinarily, an essential requisite for equitable conversion is an absolute expression that the land should be sold." (*Fox* v. *Fox,* 250 Ill. 384; 13 Corpus Juris, par. 6, p. 854.) In order to work a conversion the contract must be such that a court of equity can specifically enforce it against an unwilling purchaser. (*Rodisch* v. *Moore,* 266 Ill. 106; 13 Corpus Juris, par. 9, p. 855; 6 R. C. L. par. 11, p. 1077.) Obviously, the contract of April 30, 1926, could not have been specifically enforced by a court of equity. The signers of that contract were not divested of any title, legal or equitable, in the land, but continued to own an interest therein as tenants in common with appellant. If the signers failed or refused to perform their part of the contract they incurred liability for the damage sustained by Thayer on account of the non-performance. The statute confers the absolute right upon a tenant in common to partition the premises. (Smith's Stat. 1925, chap. 106, sec. 1.)

It is also objected that the decree was erroneous in that, it is said, it did not fix and determine all the rights of the parties. The decree finds that the children of Hardin W. and Emma J. Masters are each seized of an undivided one-third of the premises; that the interests of Thomas D. and Madelon M. were subject to the rights and interests of Stanley S. Thayer, and that the interest of appellant inherited from his mother, Emma J., was also subject to the contract, but the interest he inherited from Hardin W. is not subject to the rights of Thayer under the contract, and that appellant is entitled to contribution from the estate of Emma J., Thomas D. and Madelon M. for the fair cash rental value of the premises from May 1, 1926. The property was a residence, situated on a lot and parts of two other lots. It would be unreasonable to anticipate its partition among the parties in interest, and we cannot see how

all the equities and rights of the parties could be adjusted before the sale under the decree. The decree reserves the adjustment of the equities among the parties, including a determination of the amount appellant is entitled to receive for the rental value of the premises, and the adjustment of the equities of the parties under the terms of the contract, for the future determination of the court. We are of opinion the decree properly fixes and determines the rights of the parties so far as such rights can be determined before a report of the commissioners making partition, which, apparently, cannot be done, or until a sale is made under the terms of the decree. It seems impossible that any right or interest of appellant can be affected by reserving the matters the decree reserves for future determination. His interest in the rental value of the premises is preserved to him, and his title and interest, except what he succeeded to on the death of his mother, are unaffected by the contract, to which he was not a party. Such a decree is authorized by the practice in chancery. (*Spencer* v. *Wiley,* 149 Ill. 56; *Crowe* v. *Kennedy,* 224 id. 526.) No right or interest of appellant is in danger of being lost to him by virtue of the decree. His interest is correctly and definitely declared in the property, part of which is subject to the contract with Thayer and part of it is not. It would be difficult, if not impossible, as we have said, to adjust all the equities before a report of partition or report of sale. It seems to us clear that the decree is proper, and that it was justified under the allegations of the supplemental bill and the facts.

The decree is affirmed.                    *Decree affirmed.*