Mary Dausch, Appellee, v. Harry B. Barker et al., Appellants.

Gen. No. 33,299.

Opinion filed November 6, 1929.
Rehearing denied December 13, 1929.

ALBERT SABATH, for certain appellant; CHARLES HUD-SON, of counsel.

JOHN H. HOGLUND, H. CLAY CALHOUN and HERBERT S. RAND, for appellee.

MR. JUSTICE RYNER delivered the opinion of the court.

This is an appeal by the defendant, Harry B. Barker, from an order of distribution in a partition proceeding. The transcript of record consists of copies of the decree of partition, entered in the circuit court of Cook county on April 13, 1927, the order of affirmance of that decree by the Supreme Court of the State, the master's report under an order of re-reference after a report of sale had been approved, together with the testimony relating to solicitors' fees, the order directing the master to hold out of the proceeds of sale the sum of $8,376.35, representing the total of certain judgments, until the further order of court, the exceptions of the defendant Barker, to the master's report, and the order of distribution.

The decree of partition found that the complainant and the defendant were tenants in common of the real estate described in the bill of complaint, that partition should be had, and that certain judgments constituted liens upon the interest of the defendant, Barker. An appeal was taken to the Supreme Court of this State, where the decree was in all respects affirmed. No question was raised or considered in the Supreme Court respecting the findings in the decree that the judgments constituted liens upon the interest of Barker, or as to the effect of the findings.

The trial court found that there were eight judgments entered in the municipal court of Chicago against Fred Linick, from whom Barker acquired his title, which constituted liens upon the interest of Barker. The court found the holders of the judg-

ments, that dates and amounts of the judgments to be as follows:

| "Name | Date | Amount |
|---|---|---|
| Erie Amusement Co. | Feb. 4, 1920 | $ 520.00 |
| Harry R. Woolf | Feb. 27, 1920 | 400.00 |
| Julius C. Birck | Apr. 19, 1920 | 825.00 |
| Mary H. End | Oct. 11, 1920 | 87.50 |
| Hotel La Salle Co. | Oct. 20, 1920 | 251.85 |
| The Tribune Co. | June 7, 1921 | 1043.30 |
| Leon A. Berezniak | Apr. 28, 1922 | 1474.80 |
| Stony Island Trust and Savings Bank | Nov. 15, 1922 | 1677.12" |

In adjudicating the rights and interests of the parties to the proceeding the decree provided as follows:

"It is therefore ordered, adjudged and decreed that the complainant, Mary Dausch, and the defendant, Harry B. Barker are each entitled to a one-half part of said premises, in fee simple, each half part, however, being subject to the lien of the three trust deeds hereinbefore set forth and referred to and the one-half part thereof of the said Harry B. Barker being also subject to the liens of the judgments and decree against Fred Linick hereinbefore set forth."

The original decree of partition was entered on April 13, 1927. The order of the Supreme Court affirming the decree was filed in the circuit court on March 8, 1928. The property was sold on April 30, 1928. The order of distribution was entered on October 16, 1928. Although the decree of sale is not contained in the record, we infer from the proceedings had that the property was sold free and clear of the liens of the judgments. The order of distribution directed the master to pay the amounts of all of the judgments out of Barker's share of the proceeds of the sale.

During the pendency of the appeal to the Supreme Court and within seven years after the rendition of

her judgment, Mary H. End, one of the judgment creditors, levied upon the interest of Barker. The Hotel La Salle, another judgment creditor, redeemed. These proceedings were had under the provisions of the statute of 1917, Cahill's St. ch. 77, ¶ 18, note, relating to judgments and executions. No sale of the property·was had, but the judgments of both parties were ordered to be paid out of Barker's share of the proceeds of sale. Inasmuch as no question is raised on this appeal about the right of the court to order payment of these two judgments, it may be assumed that they have been paid and satisfied. None of the other judgment creditors redeemed.

.The appellant says that the liens of the remaining six judgments have been extinguished because of the failure of the holders of the judgments to make successive redemptions pursuant to the statute of 1917, Cahill's St. ch. 77, ¶ 21, note. The contention is not sound. The right of redemption is a statutory one and in nowise dependent upon the existence or nonexistence of a lien. Neither End nor the Hotel La Salle caused the property to be sold. Instead, their judgments were ordered paid and satisfied out of Barker's share of the proceeds of sale. After payment of the judgments the holders of them had no right to proceed further under their levies or certificates of levy. Their rights to so proceed had terminated. The legal situation was the same as if the defendant, "or any person interested in the real estate through or under" him, had, under section 18 of the statute of 1917, paid the amount stated to be due in the certificate of levy, with interest, to the officer who issued the certificate. The certificate would, by the terms of the statute, become null and void. The judgments were ordered paid out of monies belonging to the defendant, Barker, and the payment should be given the same legal effect as if he had paid the money directly to the officer issuing the certificate of levy.

It is also urged by the appellant that the court erred in directing the master to pay four of the judgments out of Barker's share of the proceeds of sale, for the reason that, at the time the order of distribution was entered, more than seven years had elapsed from the dates of entry of the judgments without the holders having levied upon the property in question or having redeemed from the levy made by the judgment creditor, Mary H. End. The appellant having failed to have incorporated in the transcript of the record a copy of the decree of sale, we are unadvised as to whether it contained any provision that the judgments be paid out of the proceeds of sale. We have before us only a praecipe record, consisting of the decree of partition, the master's report, and the order of distribution. If the decree of sale contained anything favorable to the judgment creditors they should have proceeded, under section 81 of the Practice Act, Cahill's St. ch. 110, ¶ 81, to have a copy of it incorporated in the transcript of record, or made a motion to have this court order the clerk of the trial court to certify the decree as an additional part of the record. The judgment creditors not having availed themselves of this privilege we shall consider the case on the record before us. This is the practice advocated by the Supreme Court of this State. *Weil v. Mulvaney,* 262 Ill. 195.

The briefs contain no authority directly in point. The defendant, Barker, contends that the decree of partition did not have the effect of enlarging any rights possessed by the judgment creditors. On behalf of the latter it is urged that the judgment liens became merged in the decree and that they were not obliged to levy within the seven year period.

In the case of *Spencer v. Wiley,* 149 Ill. 56, not cited in the briefs, the Supreme Court of this State announced a principle of law which we consider applicable to the facts in the present case. The proceedings

in that case are not fully set forth but sufficient appears to disclose that the commissioners in a partition proceeding had made partition of the property involved and that the court entered a decree confirming their report. The decree, among other things, provided as follows: ''And the court further finds that . . . said last described tract belonging to Sarah Wiley . . . is subject to the following liens and incumbrances: First, a trust deed from said Benjamin B. Wiley to Daniel L. Shorey, trustee, dated April 19, 1873, to secure the sum of $11,090, represented by one note of said Wiley, payable to the order of Gideon L. Spencer, maturing on or before the 27th day of June, 1875, with interest thereon at the rate of six per cent per annum after maturity, which said note is now the property of said Gideon L. Spencer, and on which there is due the sum of $17,097.08,—which said last named trust deed and debt is a first lien upon said premises last described, subject to the following tax liens thereon.''

On April 30, 1890, the holder of the mortgage instituted foreclosure proceedings, setting up the findings in the partition proceedings, above set forth, and praying for a foreclosure against the lands set off to Sarah Wiley. A plea of the statute of limitations was successfully interposed. A decree was entered dismissing the bill of complaint which was affirmed by the Appellate and Supreme Courts of this State. The Supreme Court quoted section 24 of the partition statute, Cahill's St. ch. 106, ¶ 24, which then read and now reads as follows:

''A person having a mortgage, attachment or other lien on the share of a part owner shall be concluded by the judgment in partition so far as it respects the partition and the assignment of the shares, but his lien shall remain in full force upon the part assigned to or left for such part owner.''

The court then went on to say:

"It seems too clear for argument that section 15 does not give the court power to enter a money judgment or decree in favor of one party to the suit against another,—that is to say the court could not, under that section, enter a judgment or decree against the maker of the note described in the mortgage, and enforce its payment by execution or otherwise. The action is for no such purpose. The proceeding is for the purpose of severing the interests in common, and the power of the court to ascertain and declare the right, title and interest of the mortgagee is in no sense a power to enforce the collection of his debt. The debt may not be, and often is not, due for years after the partition. The jurisdiction over the parties to the mortgage is for the purpose, only, of enabling it to make partition of the mortgaged property fairly and equitably between the owners. Under that section it is not made the duty of the court to ascertain the amount due on a debt secured by mortgage. It may ascertain and declare that the mortgagee has a valid mortgage upon the interest of one of the tenants in common, and give judgment accordingly. By that judgment, whether it declares the amount then due on the debt or not, the relation of debtor and creditor, between the parties to the mortgage, is not changed, but, under the provisions of section 24, the mortgagee's lien remains in full force upon the part assigned or left for the mortgagor. If, upon the coming in of the report of the commissioners, it is found necessary to sell the land, the court may ascertain the amount due on the mortgage debt, and order it paid out of the distributive share of the mortgagor in the proceeds of the sale. But that may be done even after the sale. No sale being ordered in the proceeding in question, finding the amount due was wholly unnecessary and of no effect whatever.

"Again, no attempt was made in that proceeding to render a judgment or enter a decree for the mortgage debt. The order upon which this bill is based does no more than declare that the interest set off to Sarah Wiley is subject to an incumbrance, and then describes that incumbrance. It was not intended to affect the indebtedness as to its maturity or duration. It has no more effect on a right of action to recover that indebtedness than if it had been made before the $11,090 note became due. In that case no one would claim that the mortgage could be foreclosed immediately upon rendering the decree, and with no greater reason can it be said that the right was thereby extended beyond the period of limitation."

In the instant case, the amounts of the judgments were fixed and the judgments declared to constitute liens upon Barker's interest in the premises, in the decree for partition, before it was determined that the premises were not susceptible of actual partition. The decree contained no provision that the judgments should be paid out of the proceeds of sale. In *Spencer v. Wiley, supra,* actual partition had been made when the court found the mortgage to be a lien upon the lands set off to one of the parties to the partition suit. The court in effect held that the mortgage lien did not merge in the decree in the partition suit. We perceive no reason why the same rule should not apply to the present case.

For the foregoing reasons, the order of distribution of the circuit court of Cook county is reversed in so far as it orders payment of the judgments held by Erie Amusement Company, Harry R. Woolf, Julius C. Birck and the Tribune Company. In all other respects the order of distribution is affirmed.

*Order reversed in part and affirmed in part.*

WILSON, P. J., and HOLDOM, J., concur.

ADDITIONAL OPINION ON DENIAL OF PETITION FOR REHEARING

The petition for rehearing are denied and the opinion of this court heretofore filed herein on November 6, 1929, is modified by filing an additional opinion in words and figures as follows:

Upon the application of the defendant, Harry B. Barker, for a rehearing, it has been called to our attention that the order of distribution, appealed from, does not direct the master in chancery to pay the End and Hotel La Salle judgments out of the proceeds of sale. The opinion, rendered in the cause, is modified by striking from it all statements and assumptions that the order of distribution provided for the payment of these judgments. Since the rendition of the opinion, a copy of the decree of sale and a copy of the order, approving the master's report of sale, have been certified to us. The decree of sale provides that the property should be sold free and clear of all liens, except the lien for the general taxes for the year 1928, special assessments and the liens created by three certain trust deeds. This being true, we are not impressed with counsels' assurance that the judgment creditors, in question, relied upon their levies. So far as the record discloses, there have been in the hands of the master in chancery, ever since the sale, sufficient funds, retained from the proceeds of sale, to pay and satisfy these judgments. Furthermore, the property having been sold free and clear of all judgment liens, the Hotel La Salle, being a party to the suit, was barred from proceeding to a sale under its levy. It has been divested of its lien and of any right to proceed against the property for the purpose of enforcing the lien it once had. With the exception of the modification above noted, the original opinion of this court is, in all respects, approved and confirmed.

*Petitions for rehearing denied and additional opinion filed.*