WALLACE L. DeWOLF

v.

THE ROYAL TRUST COMPANY.

*Opinion filed June 18, 1898.*

173   435
s88a 503
88a 506
173   435
92a ¹379
173   435
f95a ¹488
e95a ¹491

1. RECEIVERS—*receiver electing to adopt lease is bound by its covenants.* A receiver who elects, either expressly or by implication from lapse of time, to accept a lease executed by his insolvent prior to the receivership, becomes vested with a right to the leasehold estate and becomes liable upon the covenants to pay rent.

2. SAME—*receiver electing to adopt lease must take it as a whole.* While a receiver has a reasonable time in which to elect whether he will adopt his insolvent's lease, yet upon electing to adopt the same he must take it as a whole, in the absence of a contrary agreement with the lessor, and he cannot afterwards escape liability for rent by serving notice and surrendering possession.

3. SAME—*what lapse of time will amount to an election to adopt lease.* Taking and holding possession by a receiver for three months of the leased premises in which the business was conducted by the insolvent binds the receiver to carry out the terms of such lease, in the absence of any order of court in the premises.

*DeWolf* v. *Royal Trust Co.* 72 Ill. App. 411, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

CHESTER FIREBAUGH, for appellant.

SMITH & ELLIS, (JOHN W. SMITH, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Royal Trust Company was appointed by the circuit court of Cook county receiver of all the property of the partnership of Hiram P. Smith & Co., in pursuance of a bill filed by the surviving partner against the administratrix of the other partner, who was deceased, and it

accepted the trust and qualified, and entered upon its duties as receiver October 26, 1896. Included in the property of the firm was a leasehold interest in certain store-rooms and basement, known as 113, 115 and 119 West VanBuren street, in Chicago, held under a lease made by appellant to the firm from May 1, 1896, until April 30, 1897, by the terms of which lease the firm agreed to pay appellant $75 per month in advance for each month during said term, as rental for the premises. When the receiver was appointed the business of the firm was being carried on in these premises, and the receiver took possession and continued to occupy the premises under the lease. On January 22, 1897, the receiver served on appellant a notice that it would, on January 30, 1897, surrender the premises to him as being no longer required by it. On February 1, 1897, it delivered to appellant part of the keys and left the remainder at his office February 3, 1897. The receiver paid appellant the rent from the time it took possession up to February 1, 1897, after which time no rent was paid. Appellant filed his intervening petition in the suit, setting up that there was due him for rent from the firm when the receiver took possession the sum of $135.54, which he asked to have allowed as a claim against the estate of the firm in process of liquidation, and that on February 1, 1897, there became due to him, according to the terms of the lease, the sum of $75 for rent for the month of February, 1897, and asking that said sum of $75 be allowed against the receiver and paid as part of the costs of administration.

The foregoing facts were stipulated on the hearing, and it was agreed that the leasehold estate was, at the time of the assignment and during said occupancy, valuable, and available for the benefit of the creditors of the estate, and that the receiver, at the time of its appointment, elected to take possession of said premises and occupy the same as receiver, under the order and direction of the court. The court allowed the claim of $135.54 due

for rent before the appointment of the receiver, to be paid with the general creditors of the firm, but disallowed the claim of $75 for rent for February, 1897, after the surrender of the keys, and allowed $7.25 for the first three days of February, up to the time they were surrendered. The Appellate Court affirmed the decree and granted a certificate of importance, under which the case is brought to this court.

The only question here is whether the court erred in refusing to allow the claim of $75 and holding the receiver not bound by the covenants of the lease. The decision, in effect, was, that the receiver could accept the leasehold interest vested in it by the order of appointment without becoming bound by the terms of the lease, and could remain in occupancy under the lease for so much of the term as it might choose, and at its pleasure and election abandon the premises and surrender the lease. The rule is, that a receiver does not simply, by virtue of his appointment, become liable upon the covenants of a lease made prior to his appointment by the party for whom he is receiver, but he has a right to elect whether he will accept the lease and make it his own or whether he will refuse to accept it. It might be that it would be value-less for the purpose of the trust, or even a burden, and if so, it could not be forced upon him. It is for this reason that he has, subject to the order of the court, the right of election whether he will perform the covenants or not. For the purpose of making such election he is entitled to a reasonable time to ascertain whether the lease would be desirable. The mere acceptance of the trust does not render a receiver liable for rent of the premises, and he cannot be held until he elects to hold possession as receiver or does some act which is equivalent to such election. (*Spencer* v. *World's Columbian Exposition*, 163 Ill. 117.). If he remains in possession beyond a reasonable time to make the election, he, by implication, elects to accept the lease and becomes bound, as receiver, under its terms,

and the remedy of the landlord for rent may be sought against the estate of which he is receiver. If a receiver elects to adopt a lease he becomes vested with a right to the leasehold estate, and a privity of estate is thereby created between him and the lessor, by which he becomes liable upon the covenant to pay the rent. (*United States* v. *Wabash Railway Co.* 150 U. S. 287.) Neither courts nor receivers have any right to disregard contracts or violate obligations. The only question open here was whether the receiver would take the lease. The stipulation in the case is, that the receiver, at the time of its appointment, elected to take possession of the premises and occupy the same, and did occupy them for three months. This was for more than one-half of the term remaining at the time of the appointment, and that length of time was not necessary for the purpose of determining whether it would take the lease. In *Spencer* v. *World's Columbian Exposition, supra,* we said (p. 128): "No reason is perceived why the receiver may not either expressly elect, or by unequivocal acts inconsistent with the right of entry by the landlord, indicating an election to appropriate the leasehold estate, be held to have done so impliedly, without any act on the part of the landlord whatever putting the court or the receiver to an election." There was nothing to be done by the lessor. He was not a party to the suit, was utterly powerless, and was not called upon to do anything. The rule does not disregard the rights of the landlord, and a receiver cannot be permitted to use his situation as an officer of the court to sequester property of a landlord and hold the same without his having any redress. The fact that a receiver can only enter into a contract as receiver with the sanction of the court, and that all persons are chargeable with notice and deal with him at the risk of the court refusing its assent, has no effect to change the terms of a valid and binding contract made by the firm of Hiram P. Smith & Co. and accepted by the receiver. In this case there is no contract made by the

receiver, but the contract of leasing was made by the firm and the leasehold interest was property of the firm. The order of appointment vested the property in the receiver, and the court made no order limiting the right of election or in any manner affecting the question. The receiver could not take, and the court could not authorize it to take, that estate except as a whole and upon the terms of the lease. The notice served was of no consequence, as it had no effect to terminate the lease. The court erred in not holding the receiver bound as such and the estate in its hands liable for the rent.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause is remanded to the circuit court, with directions to enter an order granting the prayer of the petition.

*Reversed and remanded.*