## Wallace L. DeWolf v. The Royal Trust Co. et al.

1. RECEIVERS—*Acceptance of a Lease by Implication.*—If a receiver remains in possession beyond a reasonable time to make an election, he elects by implication to accept the lease, and becomes bound as receiver under its terms.

2. TRUSTEE—*Bound Personally by His Contracts.*—A trustee holding property or administering a trust is bound personally by contracts he makes in that capacity.

Bill for a Receiver.—Error to the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded with directions. Opinion filed May 14, 1900.

CHESTER FIREBAUGH, attorney for plaintiff in error.

JOHN W. SMITH and JOHN W. ELLIS, attorneys for defendants in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Plaintiff in error, as lessor, made a lease of certain premises to a firm, whose assets during the term of the lease passed into the hands of defendant in error as receiver by appointment of the Circuit Court. The receiver took possession of the leased premises in October and occupied them until after the first of February, more than half the unexpired term of the lease. The facts relating to the controversy between the parties with reference to rent due after the receiver gave up possession of the premises in February, are stated in DeWolf v. Royal Trust Co., 173 Ill. 435, and need not be now repeated. It is sufficient to say it was held in that case that defendant in error as receiver had by its conduct elected to accept the lease according to its terms and the estate in its hands was liable for the rent thereunder.

Upon the rendition of this decision in his favor plaintiff in error filed an intervening petition with leave of court, praying that the receiver be required to pay the rent for the remaining two months of the term, and also the costs, attorneys' fees and expenses, amounting to $250, incurred by him in enforcing his rights under the lease. The latter contained a clause wherein the lessee "covenants and agrees to pay and discharge all reasonable costs, attorneys' fees and expenses that shall be made and incurred by the party of the first part in enforcing the covenants of this lease." The receiver answered denying all liability. A reference was had to the master, and the latter reported in favor of plaintiff in error, finding him entitled to the rent for the

two unexpired months of the term, with interest thereon, and also to the expenses incurred by him in enforcing the covenants of the lease, a total of $412.22.

November 26, 1898, an order was entered in accordance with the recommendation of the master, adjudging the receiver not entitled to set up as against plaintiff in error any disbursements made to the general creditors of the estate, and ordering it to pay the $412.22, "notwithstanding the amount in the receiver's hands, after deducting disbursements made to the general creditors of said estate, does not equal the amount of the intervening petitioner's claim herein."

It appears that while the contest over the lease was pending between the parties herein, the receiver filed a petition March 13, 1897, stating that it held $1,161.07 in cash collected from the assets of the estate, and "that by reason of the controversy between your receiver and DeWolf, the receiver is unable to distribute all the moneys in its hands, but asks to be ordered and directed to disburse *pro rata*, according to the amounts of the respective claims filed, ten cents on the dollar to the creditors who have filed claims with your receiver." An order was thereupon entered directing the receiver to make the disbursement.

It is said that a motion was made December 3, 1898, being one of the days of the November term, at which the order or decree of November 26th was entered, to modify such decree. But the record is silent as to the making of such motion. Whether it was so made at that time, we regard as immaterial. The court had still jurisdiction of the subject-matter and the parties, and had not lost jurisdiction when the modifying order was entered.

December 7, 1898, the receiver filed his final report, showing $3,381.55 receipts, and $3,319,68 disbursements, and a balance of $61.87 in his hands. To this report plaintiff in error filed objections, especially to certain items of the account, alleging that disbursements had been made with full knowledge and actual notice of his claim under the lease, and that defendant in error was not entitled to be credited

therewith as against him. But February 20, 1899, the court overruled plaintiff in error's objections, approved and confirmed the report, modified its order of November 26th, and directed the payment to plaintiff in error of the $61.87 remaining in the receiver's hand " in settlement of his claim as aforesaid for $412.22," the receiver to be discharged upon making such payment, all the costs to be paid by plaintiff in error. From this order the latter appeals. No cross-errors are assigned.

It appears from this record that with full notice of the claim of defendant in error for rent, not merely for the February rent, but for the remainder of the term, " under the terms of said lease," the receiver chose to take the risk of disbursing something over a thousand dollars pending the litigation which it compelled the landlord to carry on for his own protection. In deciding that case (DeWolf v. Royal Trust Co., 173 Ill. 435) the court said that if the receiver " remains in possession beyond a reasonable time to make the election, he by implication elects to accept the lease and becomes bound as receiver under its terms ; " and it is further said that "neither court nor receiver have any right to disregard contracts or violate obligations. The receiver occupied the premises for more than half the unexpired term, and that length of time was not necessary for the purpose of determining whether it would take the lease." This is final as far as the rights of these parties are concerned. The trial court has found that plaintiff in error is entitled under the provisions of the lease to a specific sum. This liability was incurred by the receiver. Advised of the claim of the landlord under the lease, it was the receiver's duty to retain in its hands a sufficient sum to meet the liability it had itself incurred. As is said in the opinion above quoted from, " A receiver can not be permitted to use his situation as an officer of the court to sequester property of the landlord and hold the same without his having any redress." Neither can defendant in error be permitted deliberately to incur an obligation as receiver, and then escape it because it has chosen to apply for other purposes,

money which plaintiff in error was entitled to have applied to payment of his claim.

It is urged, however, that plaintiff in error did not object to the order of distribution which it is said disposed of the money available to meet this claim. It does not appear that he knew of it. But if he did it was not necessary to object. He had no reason to suppose, so far as here appears, that the receiver would, under that order, disburse money due him, pending the prosecution of his claim therefor. As above stated, the receiver's petition for such order of distribution expressly referred to the claim of plaintiff in error and the necessity for withholding funds to meet it. Plaintiff in error was entitled to assume that the receiver would withhold sufficient funds for the purpose. The general rule is that a trustee holding property or administering a trust is bound personally by contracts he makes in that capacity. Bradner Smith & Co. v. Williams, 178 Ill. 420–424. By its election to assume liability under the lease the receiver became "bound as such, and the estate in its hands liable for the rent." DeWolf v. Royal Trust Co., *supra*. This liability existed from the time of such election, and is not discharged by the application of such portion of the estate to other purposes. The receiver is liable for his negligence in this respect. High on Receivers, Sec. 269–270. The funds which the receiver should have to meet this obligation, must be presumed to be still in its hands, and credits which impair such fund should be disallowed.

The decree of the Circuit Court, so far as it discharges the receiver upon payment of $61.87 in settlement of the lessor's claim of $412.22 and charges the latter with costs, is reversed, and the cause remanded to that court with directions to order the receiver to pay the landlord's said claim in full with costs, and for such other proceedings as shall not be inconsistent with the views herein expressed.