Central Republic Trust Company (Formerly Named Central Republic Bank and Trust Company), Trustee, Appellant, v. 33 South Wabash Avenue Building Corporation, Defendant. John Griffiths Building Corporation, Intervening Petitioner, Appellee.

Gen. No. 37,079.

Opinion filed February 5, 1934.

POPPENHUSEN, JOHNSTON, THOMPSON & COLE, for appellant; JAMES W. HYDE and FREDERICK MAYER, of counsel.

CAMPBELL, CLITHERO & FISCHER, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

The Central Republic Trust Company, hereafter called the complainant, appeals from an order that the receiver in a foreclosure proceeding pay taxes on the real estate involved.

In 1924, John Griffiths became the lessor and Von Lengerke & Antoine the lessee in a 99-year lease of the real estate known as 29-35 South Wabash avenue, Chicago; subsequently the interest of the lessor became vested in the John Griffiths Building Corporation, hereafter called intervening petitioner, and the interest of the lessee became vested in 33 South Wa-

bash Ave. Building Corporation, hereafter called defendant. February 10, 1928, the defendant executed its trust deed to The Bank of America, succeeded by Central Republic Trust Company, complainant, conveying the leasehold to secure an issue of bonds amounting to $280,000.

August 31, 1931, complainant filed its bill to foreclose this trust deed. The bill alleged that the trust deed provided that the mortgagor (the lessee) would pay all ground rents under the lease and all taxes and assessments levied and assessed against the premises, and also that a receiver might be appointed in case of foreclosure to collect the rents, issues and profits, "and said receiver should have the power out of the rents and profits coming into his hands . . . to pay all rents, taxes and special assessments"; also that the 99-year lease provided that the lessee should pay all taxes and assessments of every kind and nature charged or imposed upon the demised premises; the bill also alleged that unless a receiver was at once appointed to collect the rents, to be applied upon the payment of taxes and upon the ground rental under the 99-year lease, the lease will be canceled and annulled and complainant and the bondholders represented by it would cease to have any lien thereon.

September 2, 1931, on motion of complainant, the Chicago Title and Trust Company was appointed receiver with full power to take possession of the leasehold estate, premises and property, collect and receive all rents therefrom, to pay all rentals and other charges due under the lease "and to pay all taxes which have become or may become due and payable upon or against said property" and all necessary and ordinary running expenses. The receiver took possession and subsequently paid certain instalments of the ground rental, also on December 4, 1931, paid $16,050.50 on account of the 1929 taxes.

John Griffiths Building Corporation (the intervening petitioner herein) had filed in the circuit court of Cook county its bill to enforce the covenants of its 99-year lease and on July 29, 1932, an order was entered in the foreclosure suit for the extension of the receivership to the circuit court proceedings.

October 14, 1932, The People of the State of Illinois filed its petition in the foreclosure suit, alleging that there were general taxes due on the premises involved for the years 1928, 1929 and 1930, and that these taxes were a prior and first lien upon the real estate and "a paramount claim" against the income and proceeds thereof, and asking that the receiver be directed to pay these taxes. Complainant filed an answer to this and a hearing was had upon the petition and the answer; briefs were submitted to the court by various parties, including the intervening petitioner; January 19, 1933, the court found that the general taxes were not a lien upon the rents and dismissed the petition of The People.

January 26, 1933, the receiver filed a petition in which it recited the unpaid taxes and that it had funds in its hands and asked for instructions with reference to the payment of taxes; on the same date the lessor, the intervening petitioner, filed its petition setting forth, among other matters, the obligation of the lessee under the 99-year lease to pay the taxes, and asked the court to direct the receiver to pay the unpaid instalments of the ground rent and the general taxes.

May 11, 1933, the receiver filed a second petition, referring to its previous petition of January 26th, upon which no order had been entered, and showing that the taxes were still unpaid and again asked the court's instructions with respect to the application of the funds in its hands to the payment of taxes; answers were filed by complainant to these petitions.

June 3, 1933, after hearing, the court entered an order that the receiver pay ''out of the first moneys which have come into its hands as receiver'' such amounts as will make a payment of 75 per cent on the taxes for the years 1928, 1929 and 1930. This appeal by the complainant is from this order.

Complainant first says that the order of January 19, 1933, dismissing the petition of The People is *res judicata* and is binding and conclusive upon the instant intervening petitioner. We do not so conclude. To apply the doctrine of *res judicata* there must be identity of parties, subject matter and the cause of action. *People v. Louisville & Nashville R. Co.,* 350 Ill. 274. The only parties to the petition filed by The People were The People and the complainant. The fact that a brief was filed by the present intervening petitioner upon the hearing of the former matter did not make the present intervening petitioner a party to that petition.

Moreover, in the petition on behalf of The People a blanket paramount lien of taxes was asserted as a matter of law on all rents, issues and profits. That was the only issue presented as the ground for an order directing the receiver to pay taxes. The court found against this assertion and the prayer of the petition, logically, was denied. The present intervening petitioner asserts a contractual right under the provisions of the 99-year lease to have not only the taxes but also the ground rent paid out of the funds in the hands of the receiver. The order dismissing the petition of The People is not binding upon the present intervening petitioner. *Pillsbury v. Early,* 324 Ill. 562.

The order of dismissal of the petition of The People made no disposition of the funds in the hands of the receiver, and, while the court may have been of the opinion that the State did not have a paramount

blanket lien upon the rents, it could dispose of the funds as equity might require.

When the receiver accepted the appointment it was put to an election whether or not it should adopt the provisions of the lease. After the lapse of a reasonable time of occupancy by a receiver he will be held by implication to have accepted the lease and become bound by its covenants. *Spencer v. World's Columbian Exposition,* 163 Ill. 117; *DeWolf v. Royal Trust Co.,* 173 Ill. 435; *Link Belt Machinery Co. v. Hughes,* 174 Ill. 155. Here the receiver took possession in September, 1931, and has continued in such possession ever since; it paid the ground rent in arrears and also the current rent for nine months; it also made payment on account of taxes in accordance with the terms of the lease, as by the order of its appointment it was authorized to do; it was also authorized to continue to pay the rent if it had funds on hand, without further order of court. The bill of complaint is predicated upon the theory that the receiver must make these payments in order to preserve the leasehold estate, without which the security conveyed by the trust deed would be lost. All considerations involved support the order of June 3, 1933, that the receiver should make payment on account of the taxes.

Complainant says that it makes no claim to any funds which came into the hands of the receiver after July 29, 1932, the date on which the receivership in the foreclosure proceeding was extended to the separate suit brought by the lessor. The argument seems to be that complainant as a junior mortgagee, having filed its bill to foreclose, was entitled to the rents until the receivership was extended. We think this misconceives the position of the parties. The intervening petitioner is not a senior mortgagee; it is the owner of the fee which is under a lease, which the receiver has affirmed and adopted. One of the obligations of

the lessee is to pay taxes, and the receiver is bound by this covenant; to preserve the security and to secure to the bondholders an interest of any value, the obligations of the lease must be met. Failure to pay the taxes is a sufficient ground for cancellation of the lease by the intervening petitioner.

Complainant cannot assert any superior diligence which would entitle it to the fund in question. By its bill it asserted that the rents should first be applied to the payment of taxes and next to the rentals, and that anything over and above these obligations should be applied to the indebtedness upon the bonds which it represented. The order appealed from was in accordance with the prayer of its bill so that its diligence was consistent and in line with the order about which it now complains.

The intervening petitioner was not guilty of laches in failing to collect the rentals promptly. A short time after the receiver was appointed all of the accumulated ground rent with interest had been paid and also a substantial amount on account of taxes. Before a second instalment of ground rent became due, and no more payment on account of taxes having been made, the intervening petitioner filed its bill to enforce the covenants of the lease.

In the recent case of *Verst v. Foreman-State Trust & Savings Bank*, 270 Ill. App. 484, we held that the taxes should be paid by the receiver as part of the costs and expense of receivership. In many respects the facts in that case are similar to those now under consideration. We there said: ''It will thus be seen that the receiver was appointed for the specific purpose, among others, of paying the taxes out of any rents and profits coming to his hands. The order extending the receivership to the first mortgage foreclosure proceedings shows that the receivership was not for the sole benefit of the second mortgagee. This

being so, it was proper for the receiver under the order of court to apply the funds in his hands to the payment of taxes.''

Other considerations might be suggested in support of the order of the chancellor. The circumstances presented justified the order of June 3, 1933, and it is affirmed.

*Affirmed.*