JOSEPH W. LITTLEFIELD *vs.* LEVI T. COOMBS.

Androscoggin. Opinion March 21, 1880.

</div>

*Memorandum upon a contract. Promissory note. Alteration.*

When a contract or promise is unilateral, and the body of the contract fails, for any reason, to express the agreement between the parties, and a memorandum is made upon the same paper and delivered as a part of the contract, it is as much a part of the contract as if written in the body of it.

When the memorandum is collateral to and independent of the contract, it does not become a part of the contract and no way changes it.

Thus, where a promissory note, signed by G. W. C. and L. T. C. payable "on demand with interest," had the following memorandum upon it, written below the signatures: "Interest on the above note to be nine per cent. G. W. C. ;" *Held*, that it was not a material alteration of the note so far as L. T. C. was concerned.

ON EXCEPTIONS.

This is an action of assumpsit against the defendant on a promissory note, of which the following is a copy :

<div align="right">"Lisbon Falls, Dec. 3, 1872.</div>

"$174. For value received, I promise to pay to Joseph W.

Littlefield or order, one hundred and seventy-four dollars on demand with interest.

G. W. COOMBS.

LEVI T. COOMBS."

"Interest on above note to be nine per cent.  G. W. C."

Other material facts appear in the opinion.

*Wm. B. Bennett,* for the plaintiff.

*Asa P. Moore,* for the defendant.

I. As to material alteration, and what is such alteration, cited the following authorities :—1 Greenl. Ev. § 565 ; *Chadwick* v. *Eastman,* 53 Maine, 17 ; *Lee* v. *Starbird,* 55 Maine, 491 ; *Hewins* v. *Cargill,* 67 Maine, 554 ; *Morrill* v. *Otis,* 12 N. H. 466 ; 2 Pars. Bills, 545, 549, 550, 582 ; *Warrington* v. *Early,* 75 Eng. C. L. (2 E. & B.) 763 ;  *Gardner et als.* v. *Walsh,* 85 Eng. C. L. (5 E. & B.) 83.

II. Memorandum a part of the note. *Tuckerman* v. *Hartwell,* 3 Greenl. 154, 155 ; *Johnson* v. *Heagan,* 23 Maine, 331 ; *Wheelock* v. *Freeman.* 13 Pick, 165, 168 ; *Benedict* v. *Cowden,* 40 N. Y. 396 ; *Warrington* v. *Early, supra; Gardner et als.* v. *Walsh, supra;* 2 Pars. Bills, 517.

III. Effect of the alteration upon the note, as to this defendant. *Waterman* v. *Vose et al.* 43 Maine, 511 ; *Andrews* v. *Marrett,* 58 Maine, 539 ; *Boston* v. *Benson,* 12 Cush. 61 ; *Fay* v. *Smith,* 1 Allen, 477 ; *Watries* v. *Pierce,* 32 N. H. 577 ; *Wright* v. *Bartlett,* 43 N. H. 549 ; Chitty on Contracts, 577, note *y; Miller* v. *Stewart,* 9 Wheat. 680 ; *Henderson* v. *Marvin,* 31 Barb. 297 ; *Starr* v. *Lyon,* 5 Conn. 540 ; *Lockwood* v. *Jones,* 7 Conn. 435 ; *Parsons* v. *Williams,* 9 Conn. 239 ; *Mahaive Bank* v. *Douglass,* 31 Conn. 181 ; 1 Greenl. Ev. § 565 ; 2 Pars. Bills, 545, 565, 571, 581 ; *Warrington* v. *Early, supra; Gardner et als.* v. *Walsh, supra; Belknap* v. *Nat. Bank of N. A.* 100 Mass. 376 ; *Draper* v. *Wood,* 112 Mass. 315 ; *Citizens Nat. Bank* v. *Richmond,* 121 Mass. 110 ; *Wood* v. *Steele,* 6 Wall. 80.

LIBBEY, J.  We regard the rule as well settled, that when the contract or promise is unilateral and the body of the contract fails, for any reason, to express the agreement between the parties, and a memorandum is made upon the same paper, either

upon the margin or at the foot,—above or below the signature of the promiser,— or indorsed upon the back, and delivered with and as a part of the contract, the whole instrument constitutes but one contract, and the memorandum is as much a part of it as if written in the body of it. *Tuckerman* v. *Hartwell*, 3 Maine, 147 ; *Johnson* v. *Heagan*, 23 Maine, 329 ; *Jones* v. *Fales*, 4 Mass. 245 ; *Springfield Bank* v. *Merrick*, 14 Mass. 322 ; *Barnard* v. *Cushing*, 4 Met. 230 ; *Shaw* v. *First Methodist Society*, 8 Met. 223 ; *Heywood* v. *Perrin*, 10 Pick. 228 ; *Wheelock* v. *Freeman*, 13 Pick. 165 ; *Benedict* v. *Cowden*, 49 N. Y. 396 ; *Warrington* v. *Early*, 75 Eng. C. L. (2 E. & B.) 763 ; *Gardner* v. *Walsh*, 85 Eng. C. L. (5 E. & B.) 83.

It is equally well settled, that if the memorandum is collateral to and independent of the contract or promise, it does not become a part of it, and in no way changes it ; and it is immaterial whether the memorandum is on the same paper or not. Byles on Bills, 95. In such case, if the defendant relies upon it as a defence, he must set it up and prove it.

The note in suit is the joint note of G. W. Coombs and the defendant ; after they had signed it—but it does not appear whether before delivery to the payee or afterwards, – the memorandum was made and signed by G. W. Coombs only, without the knowledge or consent of the defendant. The presiding judge, before whom the case was tried without the intervention of a jury, ruled as a matter of law, that the memorandum is not a part of the note, and the placing it on the same paper by G. W. Coombs, was not a material alteration of the note, so far as the defendant is concerned.

We think the ruling is correct. The memorandum, as it stands on the face of the note, does not appear to be a part of the joint promise of the promisers ; but the separate, several undertaking of G. W. Coombs alone, by whom it is signed. If it had been put on the face of the note before delivery without being signed, it would undoubtedly become a part of the contract and fix the rate of interest ; and if placed there without the consent of the defendant, after he signed the note, would be a material alteration which would discharge him. · But it being signed by G. W. Coombs, only, shows that the parties did not

intend to change the joint promise, but to treat it as an independent undertaking by him.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS and VIRGIN, JJ., concurred.