**Francis Bartlett, Trustee of Caroline Bartlett, under
the will of John F. Slater, v. Franz Amberg, Receiver
of the German Opera House Co.**

1. REAL ESTATE—*Rights of Purchasers at Masters' Sales.*—The pur-
chaser of real estate at a master's sale in foreclosure proceedings
acquires only a lien upon such real estate and is not entitled to posses-
sion until he receives a deed of conveyance from the master making
the sale.

2. SAME—*Master's Sale Does Not Pass the Title.*—The legal title of
land sold at a master's sale in foreclosure proceedings does not pass by
such sale; the purchaser acquires the right to a conveyance of the title
only in case the premises are not redeemed and no new title vests until
the period of redemption has expired.

3. SAME—*Possession During the Period of Redemption.*—The owner
of a leasehold estate in premises sold at a master's sale in foreclosure
proceedings is entitled as against the purchaser at such sale to the pos-
session and the rent, issues and profits, pending the running of the
period of redemption.

4. LEASE—*Liability of an Assignee for the Rent.*—Until a lease of
real estate is assigned or so transferred that a privity of estate is created
between the original lessor and the assignee, such assignee is not liable
to the lessor for the rent.

5. RECEIVER—*Liability for Rents.*—A receiver is liable for the rent

of premises occupied by him as a part of the costs of his administration, for the period during which he is in possession, receiving the benefits and enjoying the advantages of the demise.

**Bill of Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed December 18, 1900.

WILSON, MOORE & McILVAINE, attorneys for appellant.

KNIGHT & BROWN, attorneys for appellee; LACKNER, BUTZ & MILLER, of counsel.

MR. JUSTICE HORTON delivered the opinion of the court.

The appellant is lessor and the German Opera Company is lessee in a ninety-nine year ground lease of lots on Randolph street, Chicago, whereon the Schiller building is erected. Upon a judgment against said Opera House Company, a creditor's bill was filed, and in pursuance of the prayer thereof appellee was appointed receiver. As such receiver he entered into possession of the leasehold estate, which he has ever since retained. After appellee was appointed receiver, a bill in chancery was filed to foreclose a mortgage upon said leasehold estate, in which proceeding a decree was entered, and in pursuance thereof a sale of said leasehold estate was made by a master in chancery, and his certificate of sale issued to Allen B. Forbes. Appellee, as receiver, paid the ground rent up to the time of the master's sale, but declined to pay such rent due to appellant after the date of such sale, as required by appellant's lease, although he claimed the right to retain possession of the premises until the expiration of the time for redemption from the master's sale. That time had not expired when the decree appealed from was entered, and appellee still retained possession and collected the rents for said building.

The controlling question on this appeal is whether appellee should pay the ground rent due to appellant from and after the time of the master's sale.

On behalf of appellee it is contended that he should not

be required to pay such ground rent.   This contention is based upon the theory that by operation of law the leasehold estate was assigned to said Forbes by the master's sale and the certificate thereof.   That position is not tenable.   The purchaser of real estate at a master's sale is not entitled to possession until he receives a deed.   (Myers v. Manny, 63 Ill. 211, 215.)   The legal title to the land does not pass by the master's sale.   The purchaser acquired a right to a conveyance of the title if the premises be not redeemed.   (Wedgbury v. Cassell, 164 Ill. 622, 625.)   He acquired only a lien.   No new title vests until the period of redemption has passed.   Stevens v. Ill. Mut. F. Ins. Co., 43 Ill. 327, 331; Rockwell v. Servant, 63 Ill. 424.

The appellee was entitled, as against the purchaser at the master's sale, to the possession and the rents, issues and profits of the premises in question, pending the running of the period of redemption.   (Davis v. Dale, 150 Ill. 239, 244.) Until the lease is assigned or so transferred that a privity of estate is created between the original lessor and the assignee, the assignee is not liable to the lessor for the rent.

It is contended by counsel for appellant that the appellee elected to adopt the ground lease made by appellant; that a privity of estate was thereby created and that the appellee became liable upon the covenants of that lease to pay rent.   If that contention be, that the appellee assumed and became liable for the remainder of the ninety-nine year term, as counsel for appellee seem to construe it, it can not be sustained.   If the contention be, and the court so understands the brief of counsel for appellant, that the appellee is liable for the rent due to the appellant for the time he remains in possession, receiving the rents, issues and profits, it should be sustained.

A receiver must pay the rent, as part of the costs of administration, for the period during which he is in possession, occupying and receiving the benefits and enjoying the advantages of the lease.   (Smith v. Goodman, 149 Ill. 75, 84; DeWolf v. Royal Trust Co., 173 Ill. 435; Link Belt Machinery Co. v. Hughes, 174 Ill. 155.)   The appellee, as

receiver, is in possession of the lands of appellant, holding such possession under and by virtue of said ground lease. He is collecting the rents, issues and profits and is liable to appellant for the ground rent. It is conceded by appellee that he was liable for such ground rent and he paid it up to the time of the master's sale. As we have seen, the title to the leasehold estate did not pass by the master's sale and the appellee was entitled to and did continue in possession. The purchaser at such sale has only a lien up to the time he shall receive a deed.

Unless and until the claim and lien of such purchaser shall ripen into a title, appellant has no valid and legal claim against such purchaser for the ground rent. The appellee is liable and should pay the rent due to appellant so long as he is entitled to, and shall continue in, the possession of said lands.

The fact that Mr. Forbes, the purchaser at the master's sale, was willing to pay the ground rent due to appellant rather than to have appellant terminate his lease and forfeit the building upon said lands, does not operate to release appellee from his liability.

The decree of the Circuit Court is reversed and the cause remanded for such further and other orders and proceedings as may be proper in this cause and as are in harmony with the views here expressed. Reversed and remanded.