FRANZ AMBERG, Receiver,

*v.*

FRANCIS BARTLETT, Trustee.

*Opinion filed April 18, 1901.*

APPEALS AND ERRORS—*when judgment of Appellate Court is not appealable.* A judgment of the Appellate Court is not a final, appealable judgment which reverses a decree holding that appellee, as receiver, was not liable for certain ground rent, and which remands the cause to the trial court for such other and further proceedings as to law and justice shall appertain.

*Bartlett* v. *Amberg*, 92 Ill. App. 377, appeal dismissed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

KNIGHT & BROWN, and LACKNER, BUTZ & MILLER, for appellant.

WILSON, MOORE & MCILVAINE, for appellee.

Per CURIAM: This appeal must be dismissed. The question at issue between the parties is whether appellant, as receiver, is liable to pay certain ground rent to the appellee. Upon a hearing in the circuit court of Cook county a decree was rendered in his favor, that court holding that he was not liable. Upon appeal the Appellate Court reversed that decree and remanded the cause, the order being as follows: "Therefore it is considered by the court that for that error, and others in the record and proceedings aforesaid, the decree of the circuit court of Cook county in this behalf rendered be reversed, annulled, set aside and wholly for nothing esteemed, and that this cause be remanded to the circuit court of Cook county for such other and further proceedings as to law and justice shall appertain; and it is further considered by the court that the said appellant recover of and from the said appellee his costs by him in this behalf expended, to be taxed, and that he have execution therefor." The attempt is to appeal from this judgment. Manifestly, it is in no sense a final judgment in the Appellate Court, nor such a judgment of that court "that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court," and therefore no appeal can be prosecuted to this court. (3 Starr & Cur. Stat. chap. 110, sec. 90.)

*Appeal dismissed.*