[No. 3886. Decided March 27, 1902.]

CHASE NATIONAL BANK OF NEW YORK *et al., Respondents,* v. SECURITY SAVINGS BANK, *Appellant.*

MERGER — CONVEYANCE TO MORTGAGEE — INTERVENING LIENS.

A merger of the legal and equitable title does not follow from the conveyance of mortgaged premises to the mortgagee, either when there are outstanding intervening interests, or when it is the intention of the parties that no merger shall be accomplished by the transfer.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

*Hastings & Stedman,* for appellant.

*H. B. Huntley, Burke, Shepard & McGilvra,* and *Peters & Powell,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—This is the second appeal in this cause, the first having been disposed of and reported in 20 Wash. 433 (55 Pac. 574). The statement of the case there is as follows: In August, 1892, John L. Austin executed and delivered to J. K. Edmiston two promissory notes, one for $4,000 and one for $8,000, due in six months and in one year, respectively, and at the same time executed to Edmiston a mortgage upon certain real property to secure the payment of the notes. Within a month thereafter, Austin, the mortgagor, conveyed the mortgaged premises by warranty deed to Edmiston, the mortgagee, in which deed Edmiston assumed and agreed to pay the mortgage indebtedness; and at the time of taking this deed Edmiston was the owner and holder of the notes, and had not assigned the mortgage given to secure them, and there was

no other lien, incumbrance, or outstanding interest in the land. The deed was duly recorded. Subsequently, and prior to their maturity, Edmiston transferred the $4,000 note to the Walla Walla Savings Bank, and the $8,000 note to the respondent, Portland Security Savings & Trust Co. In September, 1893, Austin, for the accommodation of Edmiston, made a new note to the Walla Walla bank in renewal of the $4,000 note, which was then due, and this renewal note was thereafter transferred to the respondent Chase National Bank. In the fall of 1893 Edmiston conveyed the mortgaged premises to the Security Savings Bank. The former action was brought to foreclose the mortgage, and the Security Savings Bank, holder of the legal title, through H. H. A. Hastings, its receiver, was the only party defendant who appeared in the action below. The superior court overruled a demurrer to the complaint, sustained a demurrer to the affirmative matter set forth in the answer, and entered a judgment and decree of foreclosure. The appeal was from that judgment and decree, and also brought up for review the orders of the court in disposing of the demurrers. In the consideration of the cause there the only question discussed was whether, upon the pleadings then before the court, there was a merger. The governing principle in merger was declared to be the intention of the parties, and such intention might be express or inferable; and, after reference to authorities, the court concluded that the facts stated in the answer, in connection with those shown by the complaint, if established, showed the merger of the legal and equitable title in Edmiston, and the cause was remanded for trial on the facts. Plaintiffs amended their complaint in the superior court, exhibiting further facts which were not shown in the pleadings upon the appeal in 20 Wash., *supra.*

At the conclusion of the trial the facts were found by the superior court, to which no exceptions are taken here. The facts found were substantially the same as those in the former trial, with the further and additional facts pleaded by plaintiffs in their amended complaint. The additional facts were that about the 15th of August, 1892, the defendant Edmiston was the holder of a bond for a deed from one Wetmore to the amount included in the mortgage in controversy, upon which he had made. substantial payments, and at that date Edmiston assigned said bond for a deed to defendant Austin with the agreement that Austin should execute and deliver the notes and mortgage, the subject of the suit; that Austin executed and delivered the said two promissory notes, one for $4,000 and the other for $8,000, and executed and delivered the mortgage to secure the payment of said promissory notes, and that on the 6th day of September, 1892, Edmiston executed and delivered to plaintiff the Security Savings & Trust Company of Portland his promissory note for $10,-000, payable in six months thereafter; that as collateral security for said note, Edmiston, at the same time and place (he then being the owner and holder of the two notes executed by Austin to him), assigned, indorsed, and delivered them to said plaintiff, and therewith transferred and delivered to said plaintiff the said mortgage to secure the payment of the two promissory notes, and the plaintiff loaned the said $10,000 to Edmiston; that on the 30th day of September, 1892, Austin made and executed the deed of the mortgaged premises to Edmiston, which was acknowledged on the 1st day of October, 1892, and then delivered to Edmiston, which deed was duly recorded on the 9th day of December, 1893; that on the 19th day of December, 1892, the Security Savings & Trust Com-

pany had parted with the possession of the note for $4,000, and on the same day Edmiston secured a loan from the Walla Walla Savings Bank, and transferred and delivered the said $4,000 note to the said bank as security for the same; that after the said $4,000 note became due and was unpaid and still held by the Walla Walla Savings Bank as security for the loan, on August 16, 1893, Austin, at the request of Edmiston, executed and delivered to the Walla Walla Savings Bank his promissory note in renewal of said $4,000 note, due in one year; that it was agreed between said Austin and the Walla Walla Savings Bank, through its president, Edmiston, at the time of such renewal, that said note was to be secured by the said mortgage in the same manner as the original note of $4,000 was secured; that on the 16th of October, 1893, Edmiston paid to Wetmore the balance of the purchase money for the property described in the mortgage, and Wetmore conveyed the same to Edmiston by deed of general warranty; that the Walla Walla Savings Bank was, on the 25th day of November, 1893, indebted to the plaintiff the Chase National Bank, and pledged as security for the payment of such indebtedness certain collaterals, which included the aforesaid note of $4,000 executed by Austin, and, on the second day of December, 1893, Edmiston executed to the defendant, the Security Savings Bank of Seattle a quit claim deed to the property covered by the mortgage; that no payments have been made on the $8,000 note held by the plaintiff Security Savings & Trust Company, but upon the $10,000 note held by the bank there was paid the sum of $5,944.67, leaving a balance due of about $4,055.33, with interest; that all the collateral held by the said Security Savings & Trust Company, plaintiff, except the $8,000 note and eighty shares of the

capital stock of the defendant, has been applied in payments on the said $10,000 note, and that the plaintiff Security Savings & Trust Company tenders in court to the defendant receiver the shares of stock mentioned as of no value, and files the same in court; that no payments have been made on the $4,000 note held by the plaintiff Chase National Bank; that at the time of the delivery of the deed by Austin to Edmiston on September 30, 1892, Austin knew that the $8,000 note and the $4,000 note were outstanding, and in the hands of some other person than Edmiston, and were hypothecated with some bank, and it was the agreement between Edmiston and Austin that the mortgage should remain as security for the $4,000 and $8,000 notes, and any and all renewals thereof until said notes should be paid; that the agreement between Austin and Edmiston on September 30, 1892, as evidenced by the deed, was that Edmiston should pay the notes described in the mortgage, and that Austin should not be called upon to pay them, but there was no agreement as to when they should be paid; that the receiver of the Security Savings Bank, defendant herein, paid the sum of $200 on the 15th day of March, 1894, as taxes on the property covered by the mortgage.

The material facts found upon the last trial, as above stated, seem to present the question of merger again as decisive of the case. The statement in the syllabus on the former appeal, "where the whole title, legal and equitable, unites in the same person, and there are no outstanding intervening interests or liens, the acceptance of a deed by the mortgagee, in which he assumes the mortgage debt, effects a merger of the two titles, which could not be defeated by the grantee's thereafter assigning the notes secured before their maturity," is the law of this case.

But from the facts now before the court it is clear there were outstanding intervening interests and liens at the time the deed was executed by Austin on the 30th of September, 1892, to Edmiston, and it is equally clear there was no merger of the legal and equitable title in Edmiston. The mortgage, as security for the promissory notes, was unaffected by the transfer from Austin to Edmiston, and the further facts that the notes are unpaid shows that plaintiffs are entitled to recover upon the same.

The decree of foreclosure is affirmed.

ANDERS, WHITE, FULLERTON, MOUNT, HADLEY and DUNBAR, JJ., concur.