**ZORN v. VAN BUSKIRK et al.**

No. 15377—Opinion Filed June 9, 1925.

Rehearing Denied Sept. 8, 1925.

**Mortgages—Validity Against Defense of Innocent Purchaser.**

The fee-simple title and mortgage title to the land may be in one and the same person, and in such case the lesser title is merged into the greater, but where the record shows that the fee-simple title and the mortgage title are in the same person and the mortgage is unreleased there is no presumption that the mortgage title is in the same person as the fee-simple title, and a vendee of the fee-simple title cannot defend against the foreclosure of the mortgage lien the hands of a prior assignee on the ground of an innocent purchaser without notice.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Chas. A. Zorn against W. D. Van Buskirk, Mary Van Buskirk, J. D. Howard,

Roxie Howard, F. J. McFarland, Mabel N. Peck. and W. A. Peck to recover on a note against the Van Buskirks and to foreclose a real estate mortgage against all the defendants. Judgment was given for the amount of the note, but foreclosure of the mortgage was denied and the plaintiff appealed. Affirmed in part and reversed in part.

McKeown & Green, for plaintiff in error.

John C. Blanford, Jas. E. Webb, and Reuben M. Roddie, for defendants in error.

Opinion by THREADGILL, C. The question involved here is the right of an assignee of a note and mortgage on real estate to foreclose the mortgage against the owner of the fee-simple title who purchased the land from the vendee of the original mortgagee, where the said mortgagee had acquired his title from the mortgagor. after the mortgagee had sold the land to the mortgagor, and, without paying the mortgage debt, had deeded the land back to the mortgagee. The facts are undisputed and in substance as follows:

J. D. Howard was the owner of the S.W. ¼ of the S. W.¼ of section 19, T. 4 N., R. 5 E., in Pontotoc county, and on September 4, 1920, for a valuable consideration, deeded the same to W. D. Van Buskirk and Mary Van Buskirk, and on the same date the Van Buskirks executed a mortgage to Howard on the land to secure a note of $200 payable January 1, 1921, as a part of the purchase price. The note was not paid when it fell due, but on April 1, 1921, the Van Buskirks paid $45 on it, leaving a balance due of $155, with ten per cent. interest from date. On the same day the mortgage was made it was placed of record in the county clerk's office. Thereafter, some time in the month of October, 1921, J. D. Howard assigned said note and mortgage to S. P. Petty and this assignment was placed of record April 18, 1922. On April 13, 1922, Petty sold and assigned the note and mortgage to Charles A. Zorn, the plaintiff and this assignment was placed of record at the same time as the preceding assignment. April 18. The record further discloses that on January 13, 1922, the Van Buskirks deeded the land back to J. D. Howard and the mortgage was not released and this deed was placed of record January 30, 1922. Thereafter, on January 20, 1922, Howard and his wife, Roxie deeded the land to Mabel N. Peck and the deed was placed of record April 10, 1922. W. A. Peck was made a party defendant because the husband of

Mabel N. Peck and acted for her. F. J. Mc-Farland was made a defendant for the reason of being the holder of an oil and gas lease upon the land taken subsequent to date of the mortgage of plaintiff. None of the defendants answered but the Pecks, and they do not dispute the facts as above stated, but contend that the plaintiff was estopped from claiming any right, title, interest, or equity in the property described in the mortgage for the reason that said assignment of note and mortgage was not made in due course of business before maturity without notice. The cause was tried to the court without a jury and the court made findings of facts and conclusions of law which resulted in judgment against W. D. Van Buskirk and Mary Van Buskirk on the note, but denied the mortgage lien on the land, and from this part of the judgment denying the lien the plaintiff appealed contending that the evidence does not sustain the findings and judgment of the court.

The findings of the court upon which the judgment is based are summed up in the 7th paragraph of the findings of fact by the court as follows:

"The court further finds, that upon the reconveyance of the lands involved herein. on the 13th day of January, 1922, by W. D. Van Buskirk and Mary Van Buskirk to J. D. Howard, that said J. D. Howard became the owner in fee of the land described and involved in this action, and that the mortgage sued upon merged with the fee-simple title, and that the warranty deed given by J. D. Howard and Roxie Howard to Mabel N. Peck, with covenant of warranty except against the $1,800 mortgage and $300, conveyed absolute title in said land to Mabel N. Peck."

The question is, Do the facts sustain the finding that the mortgage sued upon merged with the fee simple title in J. D. Howard? This would be true if the mortgage title was in J. D. Howard at the time the deed of the Van Buskirks was made to him, but at this time the mortgage title was in S. P. Petty by an assignment from J. D. Howard, and, whether this assignment was of record or not, J. D. Howard knew that he had transferred his interest in the note and mortgage to S. P. Petty, and when he took the title and deed from the Van Buskirks he took it with knowledge of this mortgage against it, and it could not be legally held from these facts, that the mortgage held at that time by Petty merged with the fee-simple title in J. D. Howard and, up to this point, we must hold that the finding of the court on this question is not sustained

by the evidence, but is contrary to the evidence.

The record further shows that at the time J. D. Howard and his wife deeded the land to Mabel N. Peck, January 28, 1922, she examined the record and knew that the mortgage was of record and unreleased, and this was sufficient to put the vendee on notice of this outstanding mortgage interest. The fact that the record showed J. D. Howard to be the record owner of the land by deed from the Van Buskirks as well as the mortgage from the same parties would raise no presumption that both titles were in Howard, since the statute sections 7641, 7642, and 7643, Comp. St. 1921, provides for releasing mortgages of record, and where the mortgage is not released the presumption must be indulged that the same is outstanding and in force. In the case of Creek Land & Improvement Co. v. Davis, 28 Okla. 579, 115 Pac. 468, the court lays down the rule that:

"A purchaser of lands takes them with constructive notice of whatever appears in the conveyances which constitute his chain of title; and, if sufficient appears therein to put a prudent man on inquiry, which would, if prosecuted with ordinary diligence, lead to actual notice of a right or title in conflict with that he is about to purchase, and he fails to make such inquiry, the law will charge him with the actual notice he would have received if he had made it."

When the defendant Peck examined the record and found the mortgage describing the note secured as a promissory note, definite and certain, making it a negotiable instrument and subject to transfer title by indorsement, and knowing that it might be the property of some other person than the person named as mortgagee and that the mortgage follows the note, and it being a fact, at that time, that the note and mortgage had been assigned to S. P. Petty and by ordinary inquiry defendant Peck could have discovered this fact, she is charged with constructive knowledge and cannot say that she is an innocent purchaser of the land without notice of the note and the mortgage. Our court does not seem to have passed on a case involving the same facts as appear in this case, but the Supreme Court of Kansas in the case of Middlehauff v. Belle, 207 Pac. 184, presents a state of facts very similar to this case. The court says:

"An assignment of a mortgage is merely a formal transfer of title to the instrument. and the assignment from the bank to the plaintiff was admittedly good for that purpose. The plaintiff, however, did not need

the assignment in order to invest her with ownership of the mortgage. She acquired full title by purchase of the note which it secured and the assignment may be excluded from consideration without prejudice to her lien. The mortgage was recorded, was unreleased, and was notice of the lien, no matter who owned it; Palmer did not take his mortgage on faith in the record, but in opposition to the record; and instead of the sections referred to determining the controversy in favor of the investment company, another section of the general recording act, providing that recorded instruments, entitled to record, impart notice to subsequent mortgages (Gen. Stat. 1915, sec. 2069), determines the controversy in favor of plaintiff."

And again, on page 187 of the opinion, the court says:

"These rules, equally just to holders of negotiable real estate securities and to purchasers of real estate, are settled rules of property in this state. It is argued that the plaintiff, by omitting to record her assignment, placed it within the power of the bank to mislead the investment company, to its injury, and that, as a consequence it would be inequitable for the plaintiff to prevail. The note to the bank was payable to its order, was copied in the mortgage, and the record of the mortgage warned the investment company that the paper was negotiable and might be the property of an assignee. There was no occasion for the investment company to depend on a report of payment based on an interpretation of the bank records. All it needed to do was to refrain from closing the loan until a release from the bank appeared on the public records, which constitute the standard source of information in such cases. Having been put on guard, the investment company elected to pursue an unsafe course instead of a safe one, and it has no standing in equity to charge the consequences of its conduct to the plaintiff."

The court did not find any defect in the note, as judgment for its full value was given, but finds the mortgage defective as to Peck, because the assignment to Petty and to the plaintiff were after maturity. We do not think it makes any difference as to whether the assignment to Petty and then to plaintiff was before or after maturity just so the first assignment was before the sale to Peck and the mortgage was of record and unreleased. On this phase of the case the Kansas court, in the case above cited on page 187, uses this language:

"In this instance the note was transferred and the mortgage was assigned after maturity. The fact made the paper subject to any defense the maker might have against the payee of the note, but as long as a negotiable mortgage, duly recorded and not released, remains valid security for all or any part of the debt evidenced by the note, a subsequent purchaser or mortgagee takes subject to assignee's lien. There was some evidence the assignment to the plaintiff was withheld from record for temporary accommodation of the bank. That fact is of no importance to one who purchased in the face of the record showing an unreleased mortgage."

Defendants in support of the judgment rely upon the rule that the lesser title may be merged into the greater, and assume that when the Van Buskirks deeded the land back to Howard that the mortgage title was also in Howard and that both merged into one and they cite many authorities to support this contention, but their error is in assuming that the mortgage title was in Howard at the time the Van Buskirks deeded the land back to him, and their premise failing their conclusion falls. They cite us no case based upon facts similar to the case at bar, and furnish us no authority contrary to the Kansas case above cited and we find none.

We are, therefore, of the opinion that the judgment of the court on the note is correct and should be affirmed, and that part of the judgment denying the plaintiff his lien on the land by virtue of the mortgage should be reversed, with directions to the trial court to set aside that part of its judgment denying the mortgage lien and render judgment for the plaintiff foreclosing the mortgage on the land.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. pp. 1201, 1205, 1208.