LEILAND F. CHEFFEE *vs.* MARY S. JOSEPH GEAGEAH.

Bristol.    October 26, 1925. — November 23, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Merger. Mortgage,* Of real estate: discharge.   *Land Court,* Findings by judge.   *Estoppel. Trust,* Oral.

By agreement between the owner of certain real estate and the holder of three mortgages upon it, the owner conveyed his equity of redemption and the mortgagee assigned his mortgages to the same person on an oral trust to sell some of the land, pay the amount of the mortgages, and reconvey the rest of the land to the owner.   The sale did not take place and, after court proceedings in another State, the third person reconveyed the land to the owner by a deed which stated that the conveyance was "subject to three mortgages" which were described and were the original mortgages.   Later, the third person foreclosed the third mortgage and sold the land under the power of sale therein.   A purchaser at a sheriff's sale under an execution against the original owner brought a writ of entry against the purchaser at the mortgagee's sale, contending that the mortgage title had merged in the fee before the foreclosure. The judge of the Land Court found that it had not been the intention of the parties that there should be a merger until the third party had made a sale; that until such sale, the third party held title under an oral trust and that therefore there was no merger; and judgment was ordered for the tenant.   *Held,* that

(1) The question, whether there was a merger, was one of fact and the finding of the Land Court was final;

(2) By the acceptance of the deed of conveyance from the third party specifically stating that the conveyance was subject to the mortgages, the owner and his successor in title, including the demandant, were estopped to deny the continued existence of the mortgages;

(3) There could be no merger while the third party held title under an oral trust.

WRIT OF ENTRY relating to land in Seekonk, dated April 15, 1924.

In the Land Court, the action was heard by *Smith*, J. Material facts found and rulings made by the judge are described in the opinion. The judge found and ordered judgment for the tenant. The demandant appealed.

The case was submitted on briefs.

*R. P. Coughlin & L. H. Coughlin*, for the demandant.

*S. P. Hall*, for the tenant.

CROSBY, J. This is a writ of entry brought to recover two parcels of land. A judge of the Land Court found for the tenant. The case is before us on an appeal by the demandant from that finding and from certain rulings given and refused by the court. The findings so far as material may be summarized as follows:

On March 9, 1900, one Lydia A. Herbert, who was the owner of the two parcels of land described in the writ, gave to Leander R. Peck a mortgage thereon for $1,700; on November 15, 1906, she gave him a second mortgage on the same parcels for $1,300; and on March 16, 1907, a third mortgage for $500. All were payable in one year from date and were duly recorded. None of them having been paid, Frederick S. Peck, an executor of the will of the mortgagee, in 1912 demanded payment thereof by Mrs. Herbert. It was finally agreed that she should execute a deed of the lands covered by the mortgages to one Greene, an agent of Peck, and that the grantee should consummate a proposed sale of a part of the premises to one Whitehouse, and then reconvey the balance of the land to Mrs. Herbert discharged of the mortgages. On May 9, 1912, she executed a deed to Greene in accordance with the agreement and he took title on the oral trust so created; and on May 13, 1912, he received from the executors of Leander R. Peck assignments of the three mortgages. The sale to Whitehouse was never consummated.

On or about July 24, 1912, Mrs. Herbert brought a bill in equity in the Superior Court in Rhode Island against the executors and Greene, in which she prayed that upon pay-

ment of the sum found to be due on the mortgages the lands be reconveyed to her. A decree was entered stating that Greene held the equity of redemption in the lands as trustee for Mrs. Herbert and her husband, and there was due on the mortgages the sum of $4,866.25; and ordering Greene to convey the lands to the Herberts subject to the mortgages. In compliance with the decree, a deed dated July 30, 1914, was executed by Greene to the Herberts subject to said mortgages. This deed was duly recorded on August 8, 1914. The deed contained the following recital: " . . . the above described premises are subject to three mortgages"; then followed a description of the mortgages. The deed did not refer to the decree, and no notice of the suit was recorded.

On October 16, 1914, Greene, as assignee of the third mortgage, foreclosed it and sold the lands at public auction to the tenant in this case under the power of sale contained therein. The deed was recorded on October 24, 1914. The tenant has been in possession claiming under the deed since February, 1915. The demandant claims title under a sheriff's deed which purports to convey to him all the title and interest which Lydia A. Herbert had in the premises on February 10, 1923. The deed was given by virtue of a sale on an execution issued from a district court on a judgment recovered March 2, 1923, in a suit brought by the demandant against Mrs. Herbert. "No evidence of the jurisdiction of the court was offered, or of the return of said execution into court with a certificate of the officer's service."

It is the contention of the demandant that there was a merger of the title in Greene; that when he reconveyed to Mrs. Herbert she took the lands free from the mortgages; and that the tenant has no title because the mortgage, under which she claims, had ceased to exist before the time when the purported foreclosure was undertaken. The judge of the Land Court found that it was not the intention of the parties to merge the absolute title conveyed by the mortgages and the deed of the equity, unless the sale to Whitehouse was consummated; and that until that occurred Greene held the title on an oral trust in favor of Mrs. Herbert,

which could not merge and unite with the title afterwards, under the assignments of the mortgages which he held on another trust in favor of the Peck estate.

The finding that there was no merger of title in Greene is final. We cannot revise findings of fact made in the Land Court. *Day* v. *Boulle*, 234 Mass. 25. The question whether there was a merger depended upon the interest of Greene in taking the assignments, and the intent of the parties. It was said by Chief Justice Parker in *Gibson* v. *Crehore*, 3 Pick. 475, at page 482, "When the purchaser of a right to redeem takes an assignment, this shall or shall not operate as an extinguishment of the mortgage, according as the interest of the party taking this assignment may be, and according to the real intent of the parties . . . . Mergers are odious in equity, and shall not be allowed where the estates may well stand together." In *Hunt* v. *Hunt*, 14 Pick. 374, Chief Justice Shaw, after quoting the above language from the opinion in *Gibson* v. *Crehore*, said at page 384, "And we think the same result follows from considering the rule of law in relation to merger. In the case cited, it is said that mergers are odious in equity, and shall not be allowed where the estates may well stand together. Here, we think, that both in law and equity, the estates may well stand together." The doctrine so well established is decisive of the case at bar. *Brown* v. *Lapham*, 3 Cush. 551, 554. *Savage* v. *Hall*, 12 Gray, 363, 365. *McCabe* v. *Swap*, 14 Allen, 188.

There is another feature of this case conclusive against the contention of the demandant. He claims title under Lydia A. Herbert, who obtained title in 1914 under the deed from Greene, which expressly recited that the premises were "subject to three mortgages" therein described. It has been held by this court that a grantee of land is estopped to deny the validity of any mortgage to which his deed recites that the conveyance to him is subject. *Johnson* v. *Thompson*, 129 Mass. 398, and cases cited. *Federal Trust Co.* v. *Bristol County Street Railway*, 218 Mass. 367, 374. The ruling upon this question was correct.

The court also found that Greene held the title under an oral trust. Upon that finding there was no merger of the

title in Greene by virtue of the deed to him and the assignments of the mortgages. *Bailey* v. *Wood,* 211 Mass. 37, 45, 46.

It is unnecessary to consider whether the record of the Rhode Island court was erroneously admitted, as the trial judge expressly states that independently of those proceedings he found that Greene received the deed from Mrs. Herbert on the oral trusts previously described.

It follows from what has been said that the rulings requested by the demandant, except so far as given, were rightly denied. As no error of law appears, the order for judgment in favor of the tenant must be affirmed.

*Ordered accordingly.*