STREHLOW, Respondent, vs. PLANINGER, imp., Appellant.

*March 7—April 2, 1929.*

The cause was submitted for the appellant on the brief of *J. Elmer Lehr* of Milwaukee, and for the respondent on that of *J. A. C. Lightner* of Milwaukee.

OWEN, J. The note sued upon was for $500 and was due November 30, 1924. Barbara Planinger defended on the ground that she had been discharged as surety by reason of an agreement entered into between Strehlow and

Reingruber extending the time of payment for a period of sixty days. Upon the introduction of the note in evidence upon the trial in the civil court, an indorsement on the back thereof appeared as follows: "This note has been extended for a period of sixty days from the date of maturity. H. Reingruber." Thereupon the defendant Planinger moved to amend her answer by alleging a material alteration of the note, which amendment was permitted.

The first question presented by the appeal is whether the agreement to extend the time of payment released the surety. It appears conclusively that there was no consideration for the agreement. Such an agreement is void and unenforceable. *Fanning v. Murphy,* 126 Wis. 538, 550, 105 N. W. 1056. There being no effectual extension of the time of payment, the surety was not discharged, for that reason.

The next question is whether the surety is discharged because the indorsement on the back of the note extending the time of payment constituted a material alteration of the note. In order to constitute an alteration there must be some change, or erasure, or interlineation in the paper writing constituting the evidence of the contract so as to make it another and different instrument and no longer evidence of the contract which the parties made. *Cambridge Sav. Bank v. Hyde,* 131 Mass. 77, at p. 78. In that case it was claimed a memorandum appearing on the back of the note reading, "rate of interest to be 6½ % from October 10, 1876," constituted a material alteration of the note rendering the same void. The court held that the memorandum did not constitute an alteration of the note. The original note remained intact. The identity of the note as indicating the contract between the parties was not destroyed. The court said: "The memorandum on the back is evidence of an independent collateral agreement and has no more effect than if it had been written on a separate paper." It is held in the following cases that such a memorandum is a separate and independ-

ent contract and in no manner changes the contract between the parties as expressed on the face of the note: *Reed v. Culp,* 63 Kan. 595, 66 Pac. 616; *Moore v. Macon Sav. Bank,* 22 Mo. App. 684; *Huff v. Cole,* 45 Ind. 300; *Bucklen v. Huff,* 53 Ind. 474; *Littlefield v. Coombs,* 71 Me. 110. There being neither a valid extension of the time of payment nor an alteration of the original contract between the parties, both defenses interposed by appellant fail, and the judgment must be affirmed.

*By the Court.*—So ordered.