THAUER, Appellant, vs. SMITH, Respondent.

*October 12—November 7, 1933.*

For the appellant there was a brief by *Skinner & Thauer* of Watertown, attorneys, and *Harold M. Wilkie* of Madison of counsel, and oral argument by *Mr. Wilkie, Mr. Nicholas Thauer,* and *Mr. Wallace Thauer.*

R. W. Lueck of Watertown, for the respondent.

Owen, J. This action was submitted to the county court of Dodge county under the provisions of sec. 269.01, Stats., upon a stipulation of facts, to secure the judgment of that court as to whether the plaintiff or the defendant was entitled to the proceeds of a certain mortgage foreclosure sale. The respective rights of the parties thereto rest upon the following facts: On October 1, 1923, one Dan T. Williams and wife executed to one Karl F. Lange a note secured by mortgage upon the premises involved. This mortgage was recorded October 2, 1923. On April 21, 1924, Lange assigned the note and mortgage to one John S. Schuch, which assignment was recorded in the office of the register of deeds on the 23d day of April, 1924. On June 18, 1925, Schuch assigned the note and mortgage to Anna Berg as collateral security for the payment of $1,500. This assignment was not recorded in the office of the register of deeds until January 3, 1931.

On the 19th day of July, 1927, Williams and wife, the original mortgagors, executed a deed of the real estate covered by the mortgage, to John Schuch, the second assignee of the mortgage, which was recorded July 21, 1927. This deed excepts one mortgage for $3,500 (the mortgage in question) which the second party assumed and agreed to pay. On November 17, 1927, Schuch and wife conveyed this land by warranty deed to Joseph Kutcher and wife, which deed was recorded on November 18, 1927. As a part of this transaction, Kutcher and wife executed a note for $2,650 to John Schuch secured by a mortgage on the premises involved as part of the purchase price. On March 16,

1929, Schuch assigned this mortgage to the Farmers & Citizens Bank of Watertown, which assignment was recorded February 3, 1930. On March 4, 1931, the bank assigned this mortgage to the defendant, Fred Smith, by an assignment which was recorded March 5, 1931. Fred Smith foreclosed the mortgage in an action brought in the county court of Dodge county. At the foreclosure sale under the judgment the sum of $2,050 was realized. The question sought to be determined in this action is whether the plaintiff, Wallace Thauer, is entitled to a first lien on these proceeds by virtue of his ownership of the first mortgage.

The county court held that the first mortgage had been extinguished under the doctrine of merger when the original mortgagors conveyed the premises to Schuch, by reason of the fact that at that time he appeared from the public records to be the holder of the title to the original mortgage. The appellant challenges the correctness of this ruling, and contends that whether a merger of the two titles by reason of the conveyance by the original mortgagors to Schuch, occurred, was directly involved, passed upon and decided in *Aiken v. Milwaukee & St. Paul R. Co.* 37 Wis. 469. Counsel for respondent does not seriously controvert the proposition that no merger resulted under the circumstances here involved if that case is still to be considered the law. It is conceded that the doctrine of that case has never been expressly overruled. In fact, it has never been cited by this court so far as it involves the question here under consideration. Counsel for respondent contends that it is out of harmony with such cases as *Friend v. Yahr,* 126 Wis. 291, 104 N. W. 997; *Marling v. Nommensen,* 127 Wis. 363, 106 N. W. 844; *Bautz v. Adams,* 131 Wis. 152, 111 N. W. 69; *Marling v. Jones,* 138 Wis. 82, 119 N. W. 931, which hold that a subsequent purchaser of the premises may rely upon the satisfaction of a mortgage executed by the record holder, and that the logic of those cases amounts to an

inferential overruling of the *Aiken Case*, just as it led the courts of Iowa and Nebraska to a conclusion opposite to that reached in the *Aiken Case* upon the exact question here involved. *Bowling v. Cook*, 39 Iowa, 200; *Reel v. Wilson*, 64 Iowa, 13, 19 N. W. 814; *Ames v. Miller*, 65 Neb. 204, 91 N. W. 250.

The earnest contention of counsel for respondent has prompted us to a careful reconsideration of the doctrine of the *Aiken Case*, resulting in the conclusion that it is not at all out of harmony with the ruling of the subsequent cases to the effect that a subsequent purchaser of the premises is protected by a satisfaction of the mortgage executed by the apparent record holder thereof.

So far as material, our recording statutes are as follows:

"Section 235.49   Every conveyance of real estate within this state hereafter made (except patents issued by the United States or this state, or by the proper officers of either) which shall not be recorded as provided by law shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate or any portion thereof whose conveyance shall first be duly recorded."

"Section 235.50   The term 'conveyance,' as used in this chapter, shall be construed to embrace every instrument in writing by which any estate or interest in real estate is created, aliened, mortgaged or assigned or by which the title to any real estate may be affected in law or equity, except wills and leases for a term not exceeding three years; and the term 'purchaser,' as so used, shall be construed to embrace every person to whom any estate or interest in real estate shall be conveyed for a valuable consideration and also every assignee of a mortgage or lease or other conditional estate."

When the owner of real estate executes a mortgage thereon, two interests or estates in the land are thereby created: one, the interest represented by the mortgage; and the other, the equity of redemption, or the fee title subject to the lien

of the mortgage. Either of these interests may be conveyed. So far as the subsequent purchaser of the incumbered fee is concerned, he has no interest in the question of who the owner of the mortgage may be. His only interest is in the fact that the fee is incumbered by the outstanding mortgage. The record apprises him of the fact that the fee title is incumbered by the mortgage and will remain so incumbered until discharged in one of the ways provided by law. The interest of the assignee of the mortgage is entirely different. His interest is to keep the lien of the mortgage alive as against subsequent incumbrancers and to see to it that his interest in the premises is not extinguished by a satisfaction executed by the former owner of the mortgage. This he may do by recording his assignment and giving notice to all the world that he is the owner of the incumbrance. However, the apparent record owner of the mortgage is the only one having the power to do injury to his interest, and, if he chooses to rely upon the apparent owner's honesty and integrity, he is taking only such chances as may be involved in the dishonorable and fraudulent acts of the apparent record owner in executing a satisfaction of the mortgage. Such chances are further minimized by the fact that he has physical possession of the mortgage and, as against the actual holder of the mortgage, the debtor is not protected in paying it to one unable to surrender it and the note which it secures. *Marling v. Jones*, 138 Wis. 82, 119 N. W. 931. In view of this rule, coupled with the probability that a subsequent *bona fide* purchaser will insist on the delivery of the note and mortgage, the risk assumed by an assignee of the mortgage in failing to record the assignment is not great.

There cannot be a merger unless the two interests or estates actually vest in the same person. That is a fundamental requirement either in law or equity. In order to entitle a subsequent purchaser to rely upon a merger, there

must in fact be a merger of the two estates in the same person. He cannot be permitted to rely upon the appearance of the record. The recording act was not passed for the purpose of enabling a prospective purchaser to judge for himself whether there has been a merger of two outstanding estates. That question often gives rise to animated litigation. The purpose of the recording act is to protect the purchaser of an outstanding estate from him who appears to be the owner thereof according to the public records. Whether there is a merger or not oftentimes depends upon considerations extraneous the record. It oftentimes depends upon the intention of the grantee or assignee, and whether it is to his interest to keep the estate separate and distinct. *Carisch v. Lund,* 195 Wis. 488, 218 N. W. 826; *Bahrs v. Kottke,* 192 Wis. 642, 212 N. W. 292. To permit the prospective purchaser to conclusively decide for himself whether a merger of the two interests resulted from the execution and delivery of a deed from the original mortgagor to the apparent record holder of the mortgage is going farther than was intended by the recording act. He is charged with knowledge that a mortgage is a mere incident to the note which it secures, and title thereto passes along with the transfer of title to the note. This manner of transferring title to the mortgage is quite informal, oftentimes for temporary purposes, such as collateral security, and he should not be permitted to indulge the assumption that the apparent holder of the mortgage is the actual owner thereof, and, even if he was, the further assumption that a merger was intended to, and did, result. He should not deal with the fee title on the assumption that the mortgage is discharged unless it is discharged of record in the manner provided by the statutes, or by a judgment of a court. The *Aiken Case,* while it was supported by the case of *Purdy v. Huntington,* 42 N. Y. 334, declared a rule which has been more firmly intrenched in the jurisprudence of New York

by the case of *Curtis v. Moore,* 152 N. Y. 159, 46 N. E. 168, and has received the recent approval of the Oklahoma court in *Zorn v. Van Buskirk,* 111 Okla. 211, 239 Pac. 151, and of the Idaho court in *Merchants Trust Co. v. Davis,* 49 Idaho, 494, 290 Pac. 383.

It follows that the lien of the second mortgagees and their assigns is subsequent to the lien of the first mortgage. The plaintiff being the owner of the first mortgage, is entitled to a first lien on the proceeds of the sale held pursuant to the foreclosure of the second mortgage. The judgment must therefore be reversed.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment in favor of the plaintiff.